## ARTHUR MONTOUR v. STATE.

No. A-2011.   Opinion Filed March 6, 1915.

RAPE—Several Acts—Election by State.   In a prosecution for statutory rape, where evidence is introduced of acts of sexual intercourse between the prosecutrix and the defendant other than the one charged in the information, for the purpose of proving the act charged, it is the duty of the court upon motion of the defendant, made when the state rests its case, to require the state to elect upon which one of the several acts it intends to rely for a conviction.

(Syllabus by the Court.)

*Appeal from Superior Court, Custer County;*
*J. W. Lawter, Judge.*

Arthur Montour, convicted of rape in the second degree, appeals.   Reversed.

*Shackleford & Norfleet* and *Giddings & Giddings,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiff in error, Arthur Montour, was convicted of statutory rape, charged to have been committed on or about the 22nd day of November, 1912, on Hanna Irion, a female over the age of sixteen years and under the age of eighteen years, of previous chaste and virtuous character, and not the wife of the defendant.   On the 24th day of March, 1913, the court sentenced the defendant, in accordance with the verdict of the jury, to be confined in the penitentiary for a term of five years.   To reverse the judgment an appeal was taken by filing in this court on June 4, 1913, a petition in error with case-made.

The evidence for the state was substantially as follows: Hanna Irion, the prosecutrix, testified that she was sixteen years of age in August, 1912; that she was the sister-in-law of

the defendant; that she was working in a hotel in Weatherford, and the defendant came there presumably to referee a wrestling match; that under the pretense of taking her out to the wrestling match that night he took her to a canyon near town, where they stayed for about three hours, and while there the defendant had intercourse with her two or three times; that this was the first time she had ever had intercourse with any one; that it was painful, but did not cause her to bleed; that a few weeks later the defendant came to the hotel and forced her to accompany him to another canyon, and again had intercourse with her two or three times; that this was about November 20th; that the defendant came to the hotel one evening, visited her in the kitchen, staying two or three hours, and there by force accomplished an act of sexual intercourse with her; that this was about November 22nd.

T. J. McCoy testified that the prosecutrix worked two or three months at his hotel, and he remembered the defendant having been there two or three times, and one time the defendant went back to the kitchen and visited the prosecutrix; that he remained there until about 10:30 p. m.; that witness went to the kitchen several times while he was there and noticed nothing unusual; that they were laughing and talking, and seemed to be in a good humor.

Mrs. McCoy testified that she remembered the night that the defendant talked to the prosecutrix in the hotel kitchen; that she was in there four or five times during the time the defendant was there; that nothing unusual was apparent; that the light was burning and the shades up and the doors were all open.

F. M. Irion testified that he was the father of the prosecutrix, and that she was sixteen years old in August, 1912; that her conduct had been good so far as he knew.

When the state rested the defendant moved the court to require the state to elect which one of the three alleged occurrences testified to by the prosecutrix it relied on for a conviction. The motion was overruled, and an exception reserved.

In support of the defense that the prosecutrix was not at the time of previous chaste and virtuous character, two physicians were called, who testified that as medical experts they would state that sexual intercourse with a virgin between the age of sixteen and eighteen years twice within thirty minutes would produce a hemorrhage caused from the rupture of the hymen; that the hemorrhage would likely be so extensive that the under garments would be discolored.

S. A. Townsend testified that in a conversation with the prosecutrix at a dance he made some passes towards her, and she said, "Well, if we were outside you could have what you want." That he also heard her tell a Mr. Wilson at this same dance to meet her and her sister at a certain place, and that he could have his own way. That on a later occasion he saw Wilson with the prosecutrix and her sister at a dance at Porter's and saw them returning the next morning about eight o'clock.

Gertrude Irion testified that she was a step-sister of the prosecutrix; that on the morning after the wrestling match the prosecutrix told her that she had gone to see some friends the night before; that she later told her that she was out with the defendant that night, but on neither occasion did she mention that the defendant had raped her.

The errors assigned and argued are, in substance, that the verdict is contrary to law and to the evidence; that the court erred in its rulings on questions of evidence, and in refusing requested instructions and in giving instructions excepted to, and that the court erred in refusing to require the state to elect on which one of the three criminal acts sworn to by the prosecutrix the state would rely, and against which the defendant would be required to defend.

Of the various errors assigned for a reversal of the judgment we deem it necessary to consider only the last. It has been held by this court that in a prosecution for statutory rape, evidence is admissible of sexual acts between the prosecutrix and the defendant prior to, and subsequent to the one charged and relied upon for a conviction, to show the relation and familiarity

of the parties, and as tending to corroborate the testimony of the prosecutrix as to the particular act relied on for conviction. *Morris v. State,* 9 Okla. Cr. 241, 131 Pac. 731.

However, where evidence of acts of intercourse between the prosecutrix and the defendant other than that relied on for a conviction has been admitted, it is the duty of the court upon motion of the defendant to require the state to elect upon which particular act the state will rely for a conviction, and in the charge of the court, the jury should be restricted to the consideration of the act the state elects and relies on for a conviction, and the purpose of evidence of acts other than the one relied on should be properly explained therein.

Here the prosecutrix testified to three separate and distinct offenses, either one of which would support the charge in the information, and the defendant could be tried for either, and separately for each of them. Under the ruling of the court refusing to require the state to elect, and under the charge of the court in this case a verdict of guilty could have been rendered, although no two jurors were convinced beyond a reasonable doubt, or at all, of the truth of the charge as to any one of these separate offenses. In this class of cases, as well as in any other, the state must rely on a specific offense; and the conviction, if one is had, must depend upon the evidence of that offense alone. Other incidents are important only as tending to prove the one specific offense, for the alleged commission of which the defendant is on trial.

It follows that the trial court committed prejudicial error in overruling the defendant's motion to require the state to elect. The judgment is therefore reversed. The superior court of Custer county having been abolished, the cause is remanded to the district court of said county.

FURMAN and ARMSTRONG, JJ., concur.