## DANIEL D. GRACY v. STATE.

No. 2735.   Opinion Filed July 21, 1917.

(166 Pac. 442.)

1.  **RAPE—Violence—Resistance—Evidence.**  Under an information
    for rape which alleged that the defendant committed the offense by
    "force and violence overcoming the resistance of the prosecutrix"
    as set forth in subdivision 4, sec. 2414. Rev. Laws 1910, evidence
    is admissible that the offense was committed by means of an
    intoxicating narcotic administered to her by the defendant or
    with his privity as set forth in subdivision 6 of said section.

2.  **TRIAL—Instruction—Separate Offense.**  The trial court gave the
    following instruction: "You are further instructed that all per-
    sons concerned in the commission of a crime, whether they di-
    rectly commit the act constituting the offense or aid and abet
    in its commission, are principals; and in this connection you
    are instructed that if you find and believe from the evidence
    beyond a reasonable doubt that Gordon Chamberlain committed
    the crime of rape in either of the degrees defined in these in-
    structions, upon the person of the prosecutrix, and that the de-
    fendant herein aided and abetted or assisted in any way in the
    commission of such offense, then you will find him guilty of
    such crime as you may find beyond a reasonable doubt was com-
    mitted by the said Gordon Chamberlain."  **Held** erroneous, as
    when considered in connection with the other instructions given
    it authorized the jury to convict the defendant, not only for the
    offense charged in the information upon which the state relied
    for a conviction, but also of another separate and distinct sim-
    ilar offense not relied upon by the state.

3.  **SAME.**  The giving of the foregoing instruction in this case had
    the effect of placing the defendant upon trial for two separate
    and distinct offenses at one time over his objection and excep-
    tion thereto.   The defendant may only be required to defend
    against one offense at a time.

*Appeal from District Court, Beaver County;*
*W. C. Crow, Judge.*

Daniel D. Gracy was convicted of the crime of rape
in the second degree and sentenced to imprisonment in
the penitentiary for a term of five years, and appeals.
Reversed and remanded, with directions.

*Loofbourrow & Rizley* and *J. W. Culwell,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J.   The information in this case charges the defendant with the crime of rape by force, overcoming the resistance of the prosecutrix, as set forth in the fourth subdivision of section 2414, Rev. Laws 1910, which under our statutes is designated as rape in the first degree. The conviction was for rape in the second degree, and the evidence adduced upon the trial in behalf of the state, if believed by the jury, was, in the opinion of the court, sufficient to sustain a conviction under the sixth subdivision of said section 2414, *supra,* where by reason of the administering by the defendant, or with his privity, of an intoxicating narcotic the prosecutrix was rendered insensible or unconscious to such an extent that she was incapable of consenting to the act or offering determined resistance thereto.

It is contended, however, by counsel for the appellant that because the information charges "rape by force overcoming resistance," and the jury convicted the defendant of rape in the second degree as defined in the sixth subdivision of the section, there is a fatal variance between the allegations in the indictment and the proof introduced at the trial which is sufficient to cause a reversal of this judgment.   With this contention of counsel we are unable to agree.   Section 5922, Rev. Laws 1910, provides:

"Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty."

Section 5023, *Id.*, provides in substance that the jury may find the defendant guilty of an offense the commission of which is necessarily included within that of which he is charged. Under the English statute and those of the various states in conformity therewith, where it was charged against the defendant that the crime was committed without the consent and against the will of the prosecutrix, it was competent to prove that the prosecutrix was prevented from resisting or giving consent by reason of threats of great bodily harm, accompanied by apparent power of execution, or that she was prevented from resisting by reason of having been furnished with or administered an intoxicating narcotic by the accused, or with his privity. Subdivisions 4, 5, and 6 of section 2414, *supra*, are clearly related to each other, and where the indictment or information charges that the act was accomplished by force overcoming the resistance of the prosecutrix, the proof may show that the act was committed under the circumstances set forth in either subdivision 5 or subdivision 6 of the statute.

In the case of *Wines v. State,* 7 Okla. Cr. 450, 124 Pac. 466, where the information charged "rape in the first degree committed by force," as defined in subdivision 4, there was evidence introduced upon the trial which clearly showed that if the defendant was guilty at all of rape, he was guilty of rape in the second degree under the circumstances set out in the fifth subdivision of the statute. The defendant requested an instruction based upon said fifth subdivision, and this court held that it was error to refuse such requested instruction under the facts in that case. The holding, therefore, was equivalent to a holding that, where the indictment charged rape under the fourth sub-

division of the statute, the evidence might establish the crime under the fifth subdivision.

The California and the Oklahoma statutes defining rape are practically identical. In the case of *People v. Snyder*, 75 Cal. 323, 17 Pac. 208, the identical question here raised was decided. In that case it was held:

"Under an information for rape, which alleged that the defendant committed the offense 'by force and violence' and against the will of the prosecutrix and did 'feloniously ravish' her, evidence is admissible that the offense was committed by means of an intoxicating or narcotic substance, administered to her by the defendant."

In the body of the opinion it is said:

"This contention is that, while the information charges the crime to have been committed by force, violence, etc., the proof shows that it was committed, if at all, by means of an intoxicating or narcotic substance, administered to the prosecuting witness by the accused, and that under section 261 of the Penal Code an information charging the crime to have been committed by force cannot be supported by proofs showing it to have been committed by fraud or artifice. The common-law definition of rape was 'the carnal knowledge of a woman forcibly and against her will.' 4 Bla. Com. 210. And the indictment was substantially in the form of the information in the case at bar. And through decisions made from time to time, it gradually came to be the settled law, although there are cases to the contrary, that under such an indictment it was competent and sufficient to prove that the act charged was committed upon a child of tender years, incapable of consent; upon a lunatic or insane woman; by intimidation; when the woman was unconscious of the nature of the act; by the administration of intoxicating or narcotic substances; by false personation of a husband, etc. The criminal law of this state followed the common-law definition of the crime down to the adoption of the Codes. Hittel's Gen. Laws, sec. 1449. Section 261 of the

Penal Code commences as follows: 'Rape is an act of sexual intercourse accomplished with a female not the wife of the perpetrator, under either of the following circumstances.' Then follow six subdivisions, which recite substantially the things which, as above briefly indicated, could be proven under the general common-law indictment. And the position taken by appellant really is that the indictment and the proof must follow and be confined to one of the six subdivisions of the section. We think the true construction of section 261 to be that thereby the Legislature meant merely to put beyond doubt the rule that on an information for rape the things mentioned in the subdivisions could be proven, and would establish the crime. It is not intended to alter or establish a rule of pleading, or to create six different kinds of crime. Now, as before the adoption of the Code, under an indictment similar to the information in this case, any of the matters mentioned in section 261 may be proved. They are included in the words 'by force and violence, and against her will,' and 'did feloniously ravish,' as fully now as they were then."

In the case of *Commonwealth v. Burke,* 105 Mass. 376, 7 Am. Rep. 531, a similar question arose as to the construction to be given the Massachusetts statute. In that case the court said:

"The earliest statute of Massachusetts upon the subject was passed in 1642, and, like the English Statutes of Westminister, used 'without consent' as synonymous with 'against her will,' as is apparent upon reading its provisions, which were as follows: (1) 'If any man shall unlawfully have carnal copulation with any woman child under ten years old, he shall be put to death, whether it were with or without the girl's consent.' (2) 'If any man shall forcibly and without consent ravish any maid or woman that is lawfully married or contracted, he shall be put to death.' (3) 'If any man shall ravish any maid or single woman, committing carnal copulation with her by force, against her will, that is above the age of ten years, he

shall be either punished with death, or with some other grievous punishment, according to circumstances, at the discretion of the judges.' 2 Mass. Col. Rec. 21. Without dwelling upon the language of the first of these provisions, which related to the abuse of female children, it is manifest that in the second and third, both of which related to the crime of rape, strictly so called, and differed only in the degree of punishment, depending upon the question whether the woman was or was not married or engaged to be married, the Legislature used the words 'without consent,' in the second provision, as precisely equivalent to 'against her will,' in the third. The later revisions of the statute have abolished the difference in punishment, and therefore omitted the second provision, and thus made the definition of rape in all cases the ravishing and carnally knowing a woman 'by force and against her will,' in the third. Mass. Col. Laws (Ed. 1660) 9; (Ed. 1672) 15; Mass. Prov. Laws, 1692, 1693 (4 W. & M.) c. 19, sec. 11; Mass. Prov. Laws 1697 (9 W. III) c. 18; State Ed. 56, 296; St. 1805, c. 97, sec. 1; Rev. St. c. 125, sec. 18; Gen. St. c. 160, sec. 26. But they cannot, upon any proper rule of construction of a series of statutes *in pari materia*, be taken to have changed the description of the offense. *Commonwealth v. Sugland,* 4 Gray [Mass.] 7.; *Commonwealth v. Bailey,* 13 Al'en [Mass.] 541, 545. We are therefore unanimously of opinion that the crime, which the evidence in this case tended to prove, of a man's having carnal intercourse with a woman, without her consent, while she was, as he knew, wholly insensible so as to be incapable of consenting, and with such force as was necessary to accomplish the purpose, was rape. If it were otherwise, any woman in a state of utter stupefaction, whether caused by drunkenness, sudden disease, the blow of a third person, or drugs which she had been persuaded to take even by the defendant himself, would be unprotected from personal dishonor. The law is not open to such a reproach."

See, also, the following: *People v. Crosby,* 17 Cal. App. 518, 120 Pac. 441; *People v. O'Brien,* 130 Cal. 1,

62 Pac. 297; *People v. Vann,* 129 Cal. 118, 61 Pac. 776; *Berry et al. v. State,* 4 Okla. Cr. 202, 111 Pac. 676, 31 L. R. A. (N. S.) 849; *Adams v. State,* 5 Okla. Cr. 347, 114 Pac. 347.

It is also contended that the court erred in giving the following instruction:

"(4) You are further instructed that all persons concerned in the commission of a . crime, whether they directly commit the act constituting the offense or aid and abet in its ·commission, are principals; and in this connection you are instructed that, if you find and believe from the evidence beyond a reasonable doubt that Gordon Chamberlain committed the crime of rape in either of the degrees defined in these instructions, upon the person of the prosecutrix, and that the defendant herein aided and abetted or assisted in any way in the commission of such offense, then you will find him guilty of such crime as you may find beyond a reasonable doubt was committed by the said Gordon Chamberlain."

It is contended that this instruction authorized the jury to convict the defendant of either first or second degree rape if they believed from the evidence beyond a reasonable doubt that Gordon Chamberlain committed the crime in either of the degrees.

It is contended that the information makes no mention of Gordon Chamberlain, and that there was no contention upon the part of the state which would indicate to the defendant that he was being tried for the crime of aiding and abetting said Gordon Chamberlain in the commission of the crime charged.

Under our statutes if the defendant conspired with another to commit the crime of rape by the administering of intoxicating narcotics for the purpose of rendering the prosecutrix incapable of resisting the act or consent-

ing thereto, and said act was thereby accomplished by such other person, it was unnecessary to charge such defendants jointly with the offense. Under such a state of facts each would be a principal, and, as such, could be separately indicted or informed against for the act charged. Section 2104, Rev. Laws 1910.

In this case the defendant was charged with the commission of the crime, and the evidence of the state in chief was confined to proving that this defendant directly committed the act charged. However, during the progress of the trial it developed from the testimony of the prosecutrix, and also that of Gordon Chamberlain in behalf of the defendant, that the said Chamberlain had under like circumstances committed an act of sexual intercourse with the prosecutrix a short time before the prosecutrix claims that this defendant ravished her. There was proof, therefore, of two separate and distinct offenses, if offenses at all. The evidence as to the act of Chamberlain was brought out on the cross-examination of the prosecutrix. The state did not rely upon said act for a conviction of this defendant as an accessory before the fact of that crime, but confined its evidence to proof of the act charged in the information as that committed by the defendant himself. Had the act committed by Chamberlain alone been relied upon by the state for a conviction, and the state's evidence been confined thereto, then this record would have accorded this defendant a protection against a subsequent prosecution for aiding and abetting Chamberlain in the commission of his alleged sexual act; but a person may not be put upon trial for one alleged criminal act, upon which the state relies and supports by evidence, and be convicted of a separate and distinct criminal act not relied upon, although evi-

dence of the latter act may be admissible as part of the *res gestae* of the act charged.

It has never been held by this court, or by any other appellate court with whose decisions we are familiar, that an accused may be put upon trial for the commission of one offense and the jury, by the court's instructions, be authorized to convict him either of that offense or of a similar separate offense not relied upon by the state, not included within the offense charged, although evidence of the commission of such separate and similar offense was competent to be introduced. But this the jury was specifically authorized to do by instruction No. 4, *supra*, given by the court in this case. Under said instruction, and the others given, the jury returned a general verdict of guilty of rape in the second degree. Therefore this court is unable to determine whether this plaintiff in error was convicted for the alleged crime of rape accomplished by him personally, which act the state relied upon, or for aiding and abetting the said Chamberlain in ravishing the prosecuting witness, which the trial court erroneously authorized the jury to do. The instructions of the court had the effect of placing the defendant upon trial for two separate and distinct offenses at the same time. Under our Constitution and statute he may only be required to defend against one offense at a time. The giving of such an instruction was prejudicial and in violation of the accused's substantial rights. It was unauthorized by the issues, and is such error as to require a reversal of this judgment.

Other alleged errors are relied upon for a reversal, among which is the insufficiency of the evidence to sustain a conviction. The evidence is conflicting, but if the

jury believe that of the prosecuting witness to the exclusion of the defendant's testimony, and that of his witnesses, it is sufficient to support the judgment had the court's instructions been properly confined to the issues. The other errors relied upon are not such as will likely occur upon a retrial of the cause. The judgment of the trial court is reversed, and the cause remanded for further proceedings in accordance with this opinion.

The warden of the penitentiary is directed to deliver the said Daniel D. Gracy into the custody of the sheriff of Beaver county, Okla., upon proper demand to be returned to said county for another trial of this cause.

DOYLE, P. J., and ARMSTRONG, J., concur.