## ALONZO POPE v. STATE.

No. A-4100.   Opinion Filed Aug. 15, 1923.
(217 Pac. 498.)

(Syllabus.)

1. Trial—Proceedings Where Evidence of More Than One Offense—Election Between Acts. In a prosecution for statutory rape where there is evidence of more than one act of sexual intercourse between defendant and prosecutrix, upon which a conviction could be based, the trial court should either require the prosecution to elect upon which of such acts it will rely for a conviction, or else treat the act of which the state first introduces evidence to tend in any degree to prove the offense as an election, and should give a specific instruction limiting the jury to a consideration of such particular act as a basis for conviction.

2. **Same—Conviction Where Several Acts Without Election Required Erroneous.** In a prosecution for statutory rape where the prosecutrix testifies to eight different acts of sexual intercourse accomplished with her by the defendant, all within three years prior to the commencement of the prosecution, and the trial court by an instruction permits the jury to base its conviction on any one of such eight acts without requiring the state to elect and without treating the first act proved as an election, and the verdict is a general one finding defendant guilty of the crime charged without reference to the date of its commission, the judgment will be reversed, as it cannot be determined from the record upon which particular act of sexual intercourse the conviction is based.

3. **Witnesses — Cross-Examinations — Immoral Relations Between Witness and Party for Whom Called.** It is the general rule that questions may be put to a witness on cross-examination for the purpose of ascertaining his relations, business, social, or otherwise, with the accused, and in this connection it is always proper to show by such examination the fact of immoral relations subsisting between the witness and the party for whom called; but such examination shall be confined to immoral relations subsisting near to the time the witness testifies.

Appeal from District Court, Major County; James B. Cullison, Judge.

Alonzo Pope was convicted of rape, and he appeals. Reversed and remanded.

Bishop & Roberts, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. On the 10th day of March, 1921, the county attorney of Major county filed in the district court of said county an information charging Alonzo Pope with the crime of rape in the second degree, alleged to have been committed upon one Tillie Hobby, an unmarried female person of the age of 16 years, etc., and not the wife of the said Pope.

Trial was had in April, 1921, resulting in the conviction of the defendant of statutory rape in the second degree with

punishment assessed at imprisonment in the state penitentiary for a period of five years. Judgment was rendered on the 19th day of April, 1921.

The information charged the offense to have been committed on or about the ————— day of July, 1920. The prosecuting witness, Tillie Hobby, testified that she was 17 years of age on the 5th day of March, 1921; that during the summer of the year 1920 she was living with her grandmother Hobby in Major county, Okla., about 16 miles east of the city of Taloga; that she would go into the pasture every evening to drive up the cows for milking, and that the defendant Alonzo Pope, who lived on an adjoining farm, would meet her in the pasture; that Pope first had sexual intercourse with her on the first Sunday in June, 1920. After detailing the circumstances under which this first act of sexual intercourse took place, the prosecuting witness then testified that about a week after that the defendant again had sexual intercourse with her in the same pasture at a time when she was out after the cattle, and the prosecuting witness further testified that the defendant accomplished eight separate and distinct acts of sexual intercourse with her at different times ranging over a period of time from June until December, 1920, but the prosecuting witness testified positively that defendant accomplished no act of sexual intercourse with her during the month of July, 1920. The prosecuting witness also testified that as a result of these acts of intercourse she became pregnant and was at the time of the trial pregnant; that her period of menstruation stopped in the month of December, 1920. The defendant as a witness denied having sexual intercourse with the prosecuting witness on any occasion, and further offered proof of his absence from home during July, 1920.

At the conclusion of the evidence the court, among other instructions, gave the following:

"No. 6. The court instructs the jury in this case that the state elects to prosecute the defendant Alonzo Pope herein, for the crime of rape in the second degree, committed upon the person of Tillie Hobby, a female under the age of 18 years, and over the age of 16 years, and who was not the wife of the defendant Alonzo Pope. And in this connection, the court instructs you that, if you are satisfied from the evidence, beyond reasonable doubt, that the defendant Alonzo Pope had sexual intercourse with one Tillie Hobby, on or about the —— day of July, 1920, and that the said Tillie Hobby was then under the age of 18 years and over the age of 16 years, and not the wife of the defendant, it is your duty to find him guilty."

After counsel for the state and defendant had presented their respective arguments to the jury and the jury had retired for deliberation upon the verdict and had continued to so deliberate until the hour of 3 o'clock April 14, 1921, the jury returned into open court for further instructions, and in this connection the case-made contains the following recital:

"Thereupon, to wit, on said April 14, 1921, at the hour of 3 o'clock p. m. of said day, said day being a day of the regular April, 1921, term of the district court of Major county, Okla., court being duly and regularly in session, the jurors in the charge of the sworn bailiff return into open court, counsel for the state and for the defendant being present, and the defendant Alonzo Pope being present, in person.

"Thereupon, it is admitted by counsel for both the state and the defendant that all of the jurors that have been impaneled, selected and sworn to try the issues in said cause, are present and in the box.

"Thereupon, the court inquires if the jurors in said cause have agreed upon a verdict, and said jurors announce that they have not been able to agree upon a verdict and request that the court instruct them further in said cause.

"Thereupon, the court further instructs said jurors as follows, to wit:

" 'No. 19. Gentlemen of the jury, the court instructs you that the precise time at which the offense was committed by a defendant charged with the crime of rape in the second degree, unless time is a material ingredient of the offense charged, need not be stated in the indictment or information. And in this connection, the court instructs you that, if you find from the evidence in this case, beyond a reasonable doubt, that the prosecutrix, Tillie Hobby, was under the age of 18 years, and of previous chaste character, at the time said offense was committed, if you find that an offense was committed, that then and under these circumstances, time would not be a material ingredient of the offense charged.

" 'The court further instructs you that it is sufficient, if it shall clearly appear to the jury beyond a reasonable doubt, that the offense charged was committed at some time prior to the finding of the information, and within the statutes of limitation.

" 'And you are further instructed that the time begins to run at the time of the finding or filing of the information in this case.

" 'And if you find from the evidence in this case, beyond a reasonable doubt, that the offense charged was committed by this defendant within three years prior to the filing of said information, and that the said Tillie Hobby was under the age of 18 years and over the age of 16 years, and of previous chaste character, that then and under these circumstances it will be your duty to find the defendant guilty.'

"By Mr. Roberts: Objections by defendant: The defendant Alonzo Pope objects and excepts to instruction No. 19, given by the court to the jury.

"By the Court: Gentlemen of the jury, you may now retire to your jury room in company with the sworn bailiff and proceed with your deliberations.

"Thereupon, the jurors in said cause return to their jury room and deliberate further upon their verdict in said cause:

"Thereupon, to wit, on April 15, 1921, the same being a day of the regular April, 1921, term of the district court of Major county, Okla., the jurors in said cause return into open court with their verdict in said cause, the state and the defendant Pope being represented by their respective counsel, as heretofore.

"Thereupon, it is admitted by counsel for both the state and for the defendant Pope that all of the jurors that have been impaneled, selected and sworn to try the issues in said cause, are present and in the box, and that the defendant Alonzo Pope is present in person.

"Thereupon, the court inquires of the jurors if they have agreed upon a verdict in said cause; the said jurors answer in the affirmative.

"Thereupon, the court clerk reads the same, and the said verdict was and is in words and figures as follows, to wit:

" 'We, the jury, drawn, impaneled and sworn in the above-entitled cause, do upon our oaths find the defendant guilty as charged in the information and fix his punishment at five years in the penitentiary. (Signed) W. H. Rucker, Foreman. (Indorsed.) '

"Thereupon, the court inquires of the jurors if the verdict, as read, is their verdict and if they are all still satisfied with it, and the jurors all answer in the affirmative.

"By Mr. Roberts: The defendant Alonzo Pope excepts to the verdict returned by the jury.

"By the Court: Gentlemen, you are excused from any further consideration of this case."

It is contended in this court that the giving of instruction No. 19 constituted reversible error in this case. With this contention we are impelled to agree.

The information charged the offense to have been committed on or about the —— day of July, 1920. The prosecuting witness testified positively that the defendant accomplish-

ed no act of sexual intercourse with her during the month of July, 1920. Time was not of the essence of the offense. Therefore the prosecution was not compelled to rely upon an act of sexual intercourse committed in the month of July, 1920, but could rely upon proof of any specific act of intercourse committed by the defendant upon the prosecuting witness within any time within three years immediately preceding the commencement of the prosecution. The state first offered proof of an act of intercourse alleged to have been committed on the first Sunday in June, 1920, but the state did not stop with proof of this particular act of intercourse, but also offered evidence tending to prove other distinct acts of intercourse alleged to have occurred at different times during the month of June, 1920, and as late as December, 1920, none of which, however, the prosecutrix testified occurred during the month of July, 1920.

Under instruction No. 6, as above quoted, the jury was told that the state elected to prosecute the defendant for rape in the second degree alleged to have been committed on or about the —— day of July, 1920. After deliberating for several hours, the jury was unable to agree upon the defendant's guilt under such instruction and returned into open court for further instructions, at which time the trial judge gave instruction No. 19 above quoted. Under instruction No. 19 the jury were not limited to any particular act of sexual intercourse committed at any specified time, but were told that a conviction of the defendant could be had under the charge, if the jurors believed the defendant guilty of any act of sexual intercourse committed upon the prosecuting witness within three years immediately preceding the filing of the information, provided other material elements of the offense were found to exist. Proper objection was made and exception taken to the giving of this instruction.

In the case of Montour v. State, 11 Okla. Cr. 376, 145 Pac. 811, this court held:

"In a prosecution for statutory rape, where evidence is introduced of acts of sexual intercourse between the prosecutrix and the defendant other than the one charged in the information, for the purpose of proving the act charged, it is the duty of the court upon motion of the defendant, made when the state rests its case, to require the state to elect upon which one of the several acts it intends to rely for a conviction."

Also in the case of Smith v. State, 20 Okla. Cr. 124, 201 Pac. 663, it is held:

"In a prosecution for statutory rape, where there is evidence of more than one act of sexual intercourse between defendant and prosecutrix upon which a conviction could be based, the trial court should either require the prosecution to elect upon which of such acts it would rely for a conviction, or else have treated the act of which the state first introduced evidence to tend in any degree to prove the offense as an election and should have given a specific instruction limiting the jury to a consideration of such particular act as a basis for a conviction.

"In this state a person may be tried for and convicted of only one offense at a time. Rape is not a continuous offense, and whilst in a prosecution for statutory rape proof of other acts of intercourse, occurring both prior to and subsequent to the one relied upon for a conviction, may be proved for the purpose of showing the intimate relations between the parties, etc., the conviction must be based solely upon one of such acts and not all of them, and it is error prejudicial to the defendant, where no election of acts is required, to instruct the jury in the effect that a conviction should result from proof beyond reasonable doubt of any of such acts."

In the body of the opinion in the Smith Case it is said:

"(2) Rape is not a continuous offense. On the evidence in this case every act of sexual intercourse testified to by the

prosecutrix constituted a distinct crime, and the trial court should either require the prosecution to elect upon which of such acts it would rely for a conviction, or else the court would have treated the act of which the state first introduced evidence to tend in any degree to prove the offense as an election and should have given a specific instruction limiting the jury to a consideration of this particular act as a basis for a conviction. 22 R. C. L. p. 1227, § 63. This the court did not do, but, on the contrary, instructed the jury that—if they believed from all the evidence beyond a reasonable doubt 'that the defendant accomplished sexual intercourse with the prosecutrix, Leola Mary Smith, in said Beaver county at any time within three years from the filing of said information, that the said Leola Mary Smith was not at that time the wife of said defendant, and was at that time under the age of 14 years, then your verdict should be that the defendant is guilty of rape in the first degree.'

"It is apparent that on this instruction the jurors were permitted to base a conviction upon any of the numerous acts of sexual intercourse testified to by prosecutrix as occurring between her and the defendant before she reached the age of 14 years, all of which occurred within three years from the filing of the said information. Manifestly one of the said jurors may have believed the defendant guilty, basing his belief upon proof of an act of sexual intercourse testified to by prosecutrix, entirely different from that upon which another of said jurors based his belief, so therefore, while the twelve jurors may have unanimously arrived at the conclusion that the defendant was guilty of the crime charged, there is no way of determining by this record that each of said jurors based his conviction of guilt upon the same act of sexual intercourse. See Montour v. State, 11 Okla. Cr. 376, 145 Pac. 811.

"It has been repeatedly held in this state that a person may be tried for, and convicted of, only one offense at a time, and while proof of other acts of intercourse, in a prosecution for statutory rape occurring both prior to and subsequent to the one relied upon for a conviction, may be proved for the

purpose of showing the intimate relations existing between the parties, etc., the conviction must be based solely upon one of such acts and not all of them. Tracy v. State, 13 Okla. Cr. 643, 166 Pac. 442.

"An examination of this record discloses that this case was not tried with reference to any particular act of sexual intercourse alleged to have been committed by the defendant with the prosecutrix on or about the 1st of August, 1918, or any other particular act of sexual intercourse occurring within three years preceding the filing of the information and at a time when the prosecutrix was under the age of 14 years. But the trial court in not requiring the state to elect upon one such particular act, and in submitting the question of guilt on all of such acts, clearly committed reversible error, as this conviction could be pleaded in bar of a subsequent prosecution based on any definite act of sexual intercourse alleged to have occurred between the defendant and the prosecutrix in Beaver county, prior to the date that the prosecutrix reached the age of 14 years."

The holding in the case of Montour v. State, supra, has long been the established law of this state. While no request was made in this case to require the state to elect as between the different alleged offenses, we think it was clearly the duty of the court where such election was not requested to treat the act of which the state first introduced evidence tending in any degree to prove the offense as an election and should have given a specific instruction limiting the jury to a consideration of such particular act as the basis for a conviction. This was not done, but, on the contrary, the jury by instruction No. 19, supra, were permitted to convict on any one of the eight different acts of sexual intercourse testified to by the prosecuting witness. The verdict was a general one finding the defendant guilty of the crime charged without reference to the date of its commission. It is apparent, therefore, that this court cannot determine from this

record upon which particular act of sexual intercourse this conviction was and is based. Under the authority, therefore, of Montour v. State and Smith v. State, supra, this judgment must be reversed.

Certain other alleged errors are complained of, among which is the admission of alleged incompetent evidence. This assignment of error relates to the testimony of one Mrs. Williford, a daughter of the defendant, admitted over objection and exception of defendant's counsel. This witness was permitted on cross-examination to testify that several years prior to that time she had prosecuted her father for incest, and that such prosecution had resulted in his conviction.

It is a general rule that questions may be put to a witness on cross-examination for the purpose of ascertaining his relations, business, social, or otherwise, with the accused, and in this connection it is always proper to show by such examination the fact of immoral relations subsisting between the witness and the party for whom called. Castleberry v. State, 10 Okla. Cr. 504, 139 Pac. 132.

For the purpose of thus affecting the credibility of the witness, such examination should be confined to immoral relations subsisting at the time between the witness and the accused. In this case there was no attempt to prove that these immoral relations continued to exist up until the time of the trial, but on the contrary the evidence disclosed that the immoral relations existed a number of years prior to this trial and that in the interim the daughter had married and moved away from her father's home and had not been living in his home for a number of years prior to the trial. So that it is apparent that the purpose of this cross-examination was not to elicit the fact of immoral relations subsisting between the witness and the defendant, but merely to prove the de-

fendant's prior conviction of a similar offense to that charged. This evidence was elicited before the defendant took, the witness stand in his own behalf and before any announcement was made that he would become a witness in his own behalf. While this court has repeatedly held that the defendant may be impeached by showing his prior conviction of crime, such evidence must be limited to impeachment purposes and should not be permitted to be introduced prior to the time the defendant takes the witness stand in his own behalf.

For reasons stated, the judgment of conviction is reversed, and the case remanded to the district court of Major county, with instructions to grant the defendant a new trial and for further proceedings not inconsistent with this opinion.

BESSEY, J., concurring.

DOYLE, J., absent, not participating.