## RICHARD LEE v. STATE.

No. A-5054. Opinion Filed Oct. 24, 1925.
(240 Pac. 148.)

**118**

Seymour Foose and R. C. Brown, for plaintiff in error.

The Attorney General and Fred Hansen, Asst. Atty. Gen., for the State.

BESSEY, P. J. Richard Lee, plaintiff in error, defendant in the trial court, was charged with rape in the first degree. He was found guilty of assault to rape, with his punishment assessed at 3 years in the penitentiary.

The abused girl was over the age of 18 years. John Eubanks, the other person implicated, was a boy 14 years of age. Defendant Lee was a mature man, large and strong physically. Late in the evening all three of these persons were at a Fourth of July celebration near the town of Canton. Some time after dark the defendant Lee and young Eubanks undertook to convey the girl in a single-seated automobile from the place of the celebration to her home, some 20 miles distant. About 11 o'clock that night they came to an isolated spot in the country near a spring, where they stopped to get water. Lee directed Eubanks to go to the spring for the water, and he remained in the car with the girl, where, in the absence of Eubanks, he made improper advances soliciting sexual intercourse, which she vigorously resisted and repulsed; after Eubanks returned with the water, Lee still persisted in his advances. Later both Lee and Eubanks went for more water, and, after returning to where the girl was, both by words and violence sought to have sexual intercourse with her.

Eubanks, who had known the girl for some time and was on friendly terms with her, finally took her alone to a spot some distance from where Lee was seated in the car, and there induced or forced her to submit. The girl claimed that the act was done with force and against her will. The boy testified for the state, and his testimony indicated that the act may have been with the girl's consent. After Eubanks and the girl returned to the car, the defendant, Lee, with force, renewed his solicitations. After intermittent struggles, continuing over some period of time, Lee desisted in his attempts, and they all proceeded towards the girl's home.

There is evidence tending to show that to some extent each of these men aided and encouraged the other in furtherance of their evil designs. To sustain the charge of rape in the first degree and all included offenses, the state relied upon evidence tending to show that defendant, Lee, had himself, by force and violence, assaulted the girl with the intent to ravish her, though the proof was clear that he did not accomplish his purpose, and also relied upon evidence tending to show that Lee was a principal, as aider and abettor of the boy, Eubanks, in committing the only act of intercourse which was in fact committed.

At the close of the state's testimony, the defendant made a motion that the state be required to elect upon which of the transactions it would rely for a conviction; that is, "whether or not the state will rely on the alleged act of sexual intercourse of John Eubanks with Mildred Wahl, or whether or not it will rely upon any claim of an act of sexual intercourse claimed to be accomplished by the defendant, Richard Lee, with the girl in this case." This motion was by the court overruled.

There was no proof supporting the charge of rape in the first degree. It is clear that, so far as the charge of rape in the second degree is concerned, a failure to require

an election would result in no confusion in the minds of the jury, because of the evidence tending to show that defendant aided and abetted Eubanks; but, as to the included offense of assault to rape, a different situation is presented. But so far as the included offense of assault to rape is concerned, the evidence and the court's instructions authorized a conviction upon a finding either that Lee himself had committed an assault to rape, or that he aided and abetted Eubanks in committing a different assault. A failure to require the state to elect, in conjunction with a failure appropriately to instruct the jury upon the point involved in the demanded election under the facts shown, was prejudicial error.

Where there is evidence tending to prove two distinct offenses, and the evidence might support a verdict of guilty of assault to rape, predicated upon either or both of the transactions shown, the state should be required to elect as to which of the transactions it will rely upon for a conviction. There are two impelling reasons for this conclusion: One is that a defendant has a constitutional right to be put on trial for one offense only; and the other is that he has a right to a verdict in which all the jurors concur upon a single offense. In this case the two offenses occurred at the same place and at almost the same time, and both were submitted to the jury for their consideration. Some of the jurors may have believed that the defendant in his own person committed an assault; while other jurors may have believed and found that he committed a different assault, as aider and abettor of Eubanks, without a unanimous concurrence as to either. Pope v. State, 24 Okla. Cr. 213, 217 P. 498; Smith v. State, 20 Okla. Cr. 124, 201 P. 663; Gracy v. State, 13 Okla. Cr. 643, 166 P. 442; Smith v. State, 3 Okla. Cr. 629, 108 P. 418; Dupree v. State, 10 Okla. Cr. 65, 134 P. 86; Branham v. State, 16 Okla. Cr. 308, 182 P. 525; People v. Hatch, 13 Cal. App. 521, 109 P. 1097;

State v. Workman, 66 Wash. 292, 119 P. 751; People v. Simon, 21 Cal. App. 88, 131 P. 102.

In this case, too, the evidence was not conclusive that Eubanks was in fact guilty of rape or assault to rape. If that be true, Lee could not be convicted of an assault of rape as an aider and abettor. In any event, the assault committed by Lee was a different offense from the one committed by Eubanks, though each may have been implicated in the other. The danger of supporting a charge of a single offense by evidence tending to show two assaults made by the defendant, under circumstances like these, is apparent.

Where the information charges a single offense in one count, as in this case, and the proof develops that the accused may have been guilty of another like offense, the state should be required to elect as to which transaction it will rely upon for a conviction. The rule announced in some other states (notes to State v. Bell, 92 Am. Dec. 664 et seq.), that such an election may be allowed or refused in the discretion of the court, under the provisions of our statutes, will not apply in a case like this. Section 2558, C. O. S. 1921.

The judgment of the trial court is reversed, and the cause remanded.

DOYLE and EDWARDS, JJ., concur.