RUSSELL MOOREHEAD v. STATE.

No. A-6115.   Opinion Filed Nov. 19, 1927.
(261 Pac. 231.)

E. G. Avery and F. R. Burns, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Ottawa county on a charge of rape in the first degree, and was sentenced to life imprisonment in the state penitentiary.

The record discloses that defendant at the time charged operated a pool hall in the town of Commerce. He was about 45 years of age, and had been twice married, but was not living with either wife. He owned a small residence house, in which Mrs. Clara Breeden, a widow with three or four children, resided and kept house for defendant, who reserved a room for his own use. One of the children, Evelyn Breeden, was a girl just under the age of 14. The testimony is that on several occasions defendant went to her bed and had intercourse with her, by which she became pregnant. The information charges the offense was committed "on the —— day of January, 1925." The evidence is that in the latter part of January, while the mother was away from home, with a younger daughter at the hospital, defendant went to the room of the prosecutrix, Evelyn Breeden, and had intercourse with her. So far as shown by the record, this is the only act of intercourse occurring during the month of January. The state offered in evidence a letter written by defendant while incarcerated in the county jail which in a measure corroborated the evidence of the prosecutrix. It was also shown that after his arrest defendant petitioned the court to permit him to marry the prosecutrix. This proceeding evidently was based on section 7490, Comp. St. 1921.

The principal contention argued is that, since there was evidence of different acts of intercourse, the court erred in failing to require the state to elect upon which particular act of intercourse it would rely upon for a conviction. If the record sustained this contention, it would require a reversal, for it is well settled that in a charge of rape, where there is proven more than one act of sexual intercourse between defendant and prosecutrix on which a conviction could be based, the trial court, upon motion, must require the state to elect upon which of such acts it will rely, or, if no motion be made, the trial court on its own initiative must either require the state to elect or must himself treat one of the acts shown by the state's evidence as having been elected, and should by the instructions limit the jury to a consideration of this particular act as a basis for a conviction. The other acts proven should be limited to corroboration or as showing the relation of the parties. Montour v. State, 11 Okla. Cr. 376, 145 P. 811; Gracy v. State, 13 Okla. Cr. 643, 166 P. 442; Smith v. State, 20 Okla. Cr. 124, 201 P. 663; Pope v. State, 24 Okla. Cr. 213, 217 P. 498; Cooper v. State, 31 Okla. Cr. 217, 238 P. 503.

The record, while not entirely satisfactory, discloses a substantial compliance with this requirement. The court by his instructions 8 and 9 instructed the jury that they must find beyond a reasonable doubt that an act occurred "on the —— day of January, 1925, as charged in the information"; otherwise they must acquit the defendant. Since, as stated, only one act of intercourse is proven to have taken place in January, 1925, the date charged in the information, these instructions amount to an election of that particular act as a basis for conviction.

It is further urged that, in the event no reversible error is found, the punishment imposed under all the

circumstances shown is excessive, and should be reduced by this court. The Attorney General, while not consenting to a reduction of punishment, states in substance that the prosecution is not averse to such modification as the court in its discretion may make. We have given this matter earnest consideration, and, while the crime is heinous, taking into consideration the age of the defendant and all the surrounding circumstances, we are of the opinion that justice requires that the sentence of life imprisonment be reduced to a term of 20 years, and, as so modified, the case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.