## WILSON CHAMBERS v. STATE.

No. A-8351. May 28, 1932.
(12 Pac. [2d] 257.)

R. D. Howe, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of McIntosh county of the crime of rape in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of 15 years.

The evidence of the state was that the defendant was about 25 years of age, married, and the father of two children; that the prosecuting witness, Bertha Chambers, was thirteen years of age and the stepsister of defendant; that the parties lived in separate houses on a farm in the eastern part of McIntosh county. The prosecuting witness testified to a series of attempts and acts of sexual intercourse between herself and the defendant, beginning when she was seven years of age and continuing until she was past thirteen years of age. Prosecutrix testified to three different acts of sexual intercourse where penetration occurred, one in 1929, when she was twelve years of age, one in the spring of the next year, and the final act on about the 12th day of January, 1931. She is corroborated by testimony given by defendant's own mother and sister and by other witnesses for the state.

The court, on motion of counsel for defendant, required the state to elect upon which act of sexual intercourse it would depend for conviction, and the state elected to stand on the act which the prosecuting witness testified took place at the home of the defendant on or about the 12th day of January, 1931.

The defense was a general denial and an alibi for the 10th, 11th, 12th, 13th, 14th, and part of the 15th of January, 1931. A child was born to the prosecutrix on the 12th day of October, 1931.

Defendant contends first that the court erred in instruction No. 6, in telling the jury that it was not necessary for the state to prove the exact date alleged in the information, but the act upon which the state elected to prosecute must have occurred within three years prior to the filing of the information.

It is not contended that this instruction would not be proper in other cases, but that the same is improper in a rape case where there was the birth of a child.

Sections 2441, 2442, C. O. S. 1921, provide:

"There is no limitation of the time within which a prosecution for murder must be commenced. It may be commenced at any time after the death of the person killed."

"In all other cases a prosecution for a public offense must be commenced within three years after its commission."

Where, as in this case, there is proof of more than one act of sexual intercourse between the prosecutrix and the defendant, the state may be required to elect upon which particular act it will rely for a conviction. Montour v. State, 11 Okla. Cr. 376, 145 Pac. 811. This was done. It is only necessary that the act relied upon be within three years prior to the commencement of the prosecution under the express terms of section 2442, supra. Here the act relied upon was within a year prior to the commencement of the prosecution, and therefore was commenced within the time fixed by the statute. This is not a bastardy case, and it is immaterial whether a child was born as a result of the intercourse, or whether other men than the defendant ever had intercourse with the prosecutrix, she being at the time under the age of fourteen years. If there was any discrepancy between the date of

360

the act relied on and the date of the birth of the child, that was a matter affecting solely the weight of the evidence and not the limitation of the action.

Some argument is made that the alibi of the defendant was sufficient to show that defendant could not have been guilty of the crime, since the child was born on the 12th day of October, 1931. Courts take judicial notice of the fact that the normal period of gestation of human beings is from 270 to as high as 285 days, and that incidents are known to medical science where the period extended beyond 300 days. McNamara's Estate, 181 Cal. 82, 183 Pac. 552, 7 A. L. R. 313.

In the case at bar, an act of sexual intercourse either way for a period of a week or ten days prior or subsequent to the 12th day of January, 1931, could result in a normal birth on the 12th day of October, following. Proof, therefore, covering four or five days of such period would have no legitimate tendency to overcome the fact, of which this court would take judicial notice, that the normal period of gestation of a child born October 12, 1931, might be at any time in the month of January, 1931, prior to the 18th or 20th.

An examination of the record discloses that defendant had a fair trial, and that the evidence supports the verdict of the jury. The cause is therefore affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., not participating.