DAN LANDON v. STATE.

No. A-10526. Oct. 30, 1946.

(174 P. 2d 266.)

142

For former opinion, see 82 Okla. Cr. 336, 166 P. 2d 781.

Carl C. Wever, of Pawhuska, and Hulsey and Hulsey, of McAlester, for plaintiff in error.

Mac Q. Williamson, Atty Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J. On February 27, 1946, the opinion of this court was rendered affirming the judgment and sentence pronounced by the district court of Osage county against the defendant. Landon v. State, 82 Okla. Cr. 336, 166 P. 2d 781.

A petition for rehearing was filed in which counsel for defendant complained especially of the opinion rendered by this court in that it did not discuss the alleged error of the court in refusing to require the state to elect upon which of the alleged acts of sexual intercourse the state was relying for a conviction, but instead, over the objection and exception of the defendant, the trial court gave a general instruction in which the jury was authorized to convict the defendant if they found beyond a reasonable doubt that he had had sexual intercourse with the prosecutrix at any time within three years prior to the filing of the information against the defendant on December 6, 1941.

After a consideration of this petition for rehearing, the same was denied for the reason that the proposition contended for was not presented in the brief of the defendant and such assignment of error not being presented in the brief was by this court deemed to have been waived by defendant. Upon this order being made in disposing of the petition for rehearing, counsel for the defendant appeared before the court and asked permission to file a second petition for rehearing and called our attention specifically to the fact that two briefs had been filed

on behalf of defendant, in one of which this assignment of error was presented. The court thereupon granted permission to counsel for defendant to file a second petition for rehearing, and the same has been filed, together with a further brief urging the proposition above mentioned.

At the trial of the defendant he employed counsel who resided in his home county of Osage. After the conviction of defendant and his incarceration in the State Penitentiary, he employed additional counsel who resided at McAlester to assist in the presentation of his case on appeal. Each of the attorneys employed by the defendant filed a brief in defendant's behalf, and a copy of each brief was served on the Attorney General. When the record was presented to this court by the clerk, only one of the briefs filed by defendant's counsel was furnished to us, and the opinion of this court affirming the conviction was written after a full consideration and discussion of the assignments of error set forth in that brief. The question presented by the petition for rehearing was not mentioned in that brief. The brief of the state, as noted in the opinion, failed to discuss many of the assignments of error, including the one now presented for disposition and called to our attention in the petition for rehearing. For those reasons we were not advised until after the petition for rehearing was denied that counsel for defendant had fully briefed the assignment of error which will hereinafter be discussed.

Dorothy Landon, the prosecuting witness and daughter of defendant, testified that on the night of May 24, 1939, or May 24, 1940, the date of which she was not sure, that the defendant had two acts of sexual intercourse with her. One of these acts was committed in

the living room and the other in the bedroom where she and her sister were sleeping. The act in the bedroom was committed in the presence of her sister who testified at the trial in corroboration of the testimony of the prosecutrix. After the testimony of the prosecutrix concerning the two acts which were committed while her mother and the other children had gone to Ponca City on May 24, 1939 or 1940, she testified as follows:

By Mr. Carman, county attorney:

"Q. Dorothy, had your father previous to this night that you have related when your mother and the children went to Ponca City, had he had intercourse with you on previous occasions? A. Yes, sir. Q. Do you recall where the first occasion was? A. It was in the barn. Q. Do you know about how old you were then? A. Somewhere around six. Q. I will ask you to state whether or not his acts of intercourse with you occurred frequently or infrequently thereafter until November, 1941? A. Yes, sir. Q. Was it frequently? A. Yes, sir. Q. Where would these acts take place? A. Most anywhere."

At the close of the case, counsel for defendant presented the following motion:

"Comes now the defendant, and moves the court to require the state to elect upon which specific act of intercourse the defendant had with the prosecuting witness, Dorothy Landon, it relies upon for the conviction of the defendant, Dan Landon."

To which the county attorney replied:

"Mr. Carman: The state does elect to rely for conviction in this case on the occasion of the trip to Ponca City, concerning which all the proof in this case has been, when the defendant Landon and Dorothy and LeEtta and Stuart were at home that night."

It is the contention of the defendant that since the prosecuting witness testified to two different acts of intercourse with the defendant upon the date the state relied upon for a conviction, the election of the state was not specific enough to inform the jury and the defendant which of the alleged acts the state was relying upon for a conviction. In no instruction was the jury advised of any specific act relied upon by the state for conviction, but the instructions pertaining thereto were general in their nature as will be hereinafter shown.

Counsel for the state excepted to instructions 6 and 7 which were given by the trial court, and which are as follows:

"If you find and believe from the evidence, facts and circumstances in proof, beyond a reasonable doubt, that in the County of Osage, State of Oklahoma, on or about the 24th day of May, 1939, or at any time within three years prior to the filing of the information herein, which information was filed on December 6th, 1941, the defendant herein engaged in any act of sexual intercourse with Dorothy Landon, who was not the wife of said defendant, but that at the time of the engaging in said act the said Dorothy Landon was under the age of 14 years, then and in that event you should find the defendant guilty of rape in the first degree, as charged in the information."

"If you find and believe from the evidence, facts and circumstances in proof, beyond a reasonable doubt, that in the county of Osage, State of Oklahoma, and on a date after the Dorothy Landon had arrived at the age of fourteen years, and at any time within three years previous to the filing of the information herein, to wit, December 6, 1941, the defendant herein did engage in an act of sexual intercourse with Dorothy Landon, who was not the wife of the defendant, and that at the time of engaging in said act, as set forth in the information, the

said Dorothy Landon was under the age of sixteen years, and over the age of fourteen years, then and in that event you should find the defendant guilty of rape in the second degree."

In the case of Kilpatrick v. State, 71 Okla. Cr. 129, 109 P. 2d 516, this court held:

"Since rape is not a continuous offense and every act of sexual intercourse is a separate and distinct offense, where there is testimony of more than one such act introduced by the prosecution, the trial court should either require the prosecution to elect upon which of such acts it would rely for a conviction, or else the court should treat the act of which the state first introduced evidence, tending in any degree to prove the offense, as an election and give a specific instruction limiting the jury to a consideration of this particular act as a basis for a conviction.

"In a trial upon a charge of rape, proof of other acts of intercourse may be shown for the purpose of corroboration and as showing the relation between the parties; but a conviction must be based on one act. Where, as in this case, the defendant is not tried with reference to one particular act, but two separate and distinct acts, reversible error is committed when the prosecution is not required to elect one specific act and the trial court fails to treat the first act proven as an election."

In the body of the opinion it is stated:

"This court held in Smith v. State, 20 Okla. Cr. 124, 201 P. 663: 'Rape is not a continuous offense. On the evidence in this case every act of sexual intercourse testified to by the prosecutrix constituted a distinct crime, and the trial court should either require the prosecution to elect upon which of such acts it would rely for a conviction, or else the court would have treated the act of which the state first introduced evidence to tend in any degree to prove the offense as an election and should have given a specific instruction limiting the jury to a con-

sideration of this particular act as a basis for a conviction.' Timmons v. State, 44 Okla. Cr. 200, 280 P. 314.

"In Cooper v. State, 31 Okla. Cr. 217, 238 P. 503, 504, this court stated: 'The holdings of this court * * * may be summarized by saying that a person may be tried for and convicted for only one offense at a time; that rape is not a continuous offense, and while in a trial upon a charge for rape proof of other acts of intercourse may be proven for the purpose of corroboration, and as showing the intimate relation between the parties, a conviction must be based on one act. Here, the defendant was not tried with reference to any particular act, the prosecution was not required to elect any particular act, and the court did not treat the first act proven as an election. * * * The error is reversible.' Moorehead v. State, 38 Okla. Cr. 328, 261 P. 231.

"This court said in Williams v. State, 40 Okla. Cr. 303, 268 P. 329: 'It is not essential that such election be made until the close of the evidence, and, if not made by the prosecution, the court should by instruction limit the jury to a consideration of one particular act as a basis for a conviction and should limit proof of other acts as corroboration, or as showing the relation of the parties.' "

For other cases in support of this general rule, see Gracy v. State, 13 Okla. Cr. 643, 166 P. 442; Pope v. State, 24 Okla. Cr. 213, 217 P. 498; Lee v. State, 32 Okla. Cr. 117, 240 P. 148.

In Pope v. State, supra, it is held:

"In a prosecution for statutory rape where the prosecutrix testifies to eight different acts of sexual intercourse accomplished with her by the defendant, all within three years prior to the commencement of the prosecution, and the trial court by an instruction permits the jury to base its conviction on any one of such eight acts without requiring the state to elect and without treating the first act proved as an election, and the verdict is a

general one finding defendant guilty of the crime charged without reference to the date of its commission, the judgment will be reversed, as it cannot be determined from the record upon which particular act of sexual intercourse the conviction is based."

Under the instructions complained of by the defendant hereinabove set forth, the jury was authorized to convict the defendant if they found beyond a reasonable doubt that at any time within three years prior to the filing of the information on December 6, 1941, the defendant had sexual intercourse with the prosecutrix. Under the evidence the jury might not have believed that the defendant committed the acts as related by the prosecutrix on May 24, 1940, but they might have believed that he had committed an act or acts of sexual intercourse with her on some of the other occasions testified to by the prosecutrix. The giving of the general instructions hereinabove set forth was error. The court should have required the county attorney to have made an election of one specific act and instructed the jury concerning such election, and advised them that if they did not believe beyond a reasonable doubt that the defendant committed the act relied upon by the state for conviction that it was their duty to acquit the defendant. Any other acts testified to by the prosecutrix other than the one which the state was required to elect as a basis for the conviction of defendant would merely be admissible in corroboration of the other testimony of the prosecutrix and for the purpose of showing the relation between the parties.

It was said in Kilpatrick v. State, supra:

"In rape prosecution, proof of other acts of intercourse may be shown for the purpose of corroboration and as showing the relation between the parties, but a conviction must be based on one act "

For the reasons hereinabove stated, the judgment of the district court of Osage county is reversed and remanded with instructions to grant the defendant a new trial.

BAREFOOT, J., concurs. DOYLE J., not participating.