## CHAS. E. PETTY v. STATE.

No. A-2340.    Opinion Filed July 17, 1915.

1.  RAPE—Several Acts—Election by Prosecution. In a prosecution for statutory rape, where evidence is introduced of acts of sexual intercourse between the prosecutrix and the defendant other than the one charged in the information, for the purpose of proving the act charged, it is the duty of the court upon motion of the defendant, made when the state rests its case, to require the state to elect upon which one of the several acts it intends to rely for a conviction.

(Syllabus by the Court.)

*Appeal from District Court, Tillman County;*
*Frank Mathews, Judge.*

Chas. E. Petty, convicted of statutory rape, appeals. Reversed.

*Mounts & Davis,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.  The plaintiff in error was convicted upon an information duly filed in the district court of Tillman county, charging in substance that in said county on or about the 10th day of July, 1913, Chas. E. Petty, a male person over the age of eighteen years, did then and there commit the crime of rape by having sexual intercourse with and carnally knowing one Josie May Downs, a female under the age of sixteen years, to wit, the age of fifteen years, and not then and there the wife of the said Chas. E. Petty.

The judgment was rendered on the 28th day of March, 1914, and the term of his imprisonment in the penitentiary was fixed by the court at three years.

To reverse the judgment an appeal was taken by filing in this court on September 24, 1914, a petition in error with case-made.

The prosecutrix testified that the first act of sexual intercourse had with the defendant was on the 5th day of May, 1913, and that the second act was on the 12th day of May, 1913, and the third act was on the 10th day of July, and that on the 7th day of August, 1913, the defendant again had sexual intercourse with her. There was evidence which was undisputed that she was under the age of sixteen years. When the state rested the defendant moved the court to require the state to elect which one of the acts of sexual intercourse testified to by the prosecutrix it relies upon for a conviction. The court overruled the motion and the defendant reserved an exception.

As a witness in his own behalf, the defendant testified that he never at any time had sexual relations with the prosecutrix.

The first assignment of error is "Error of the court in refusing to require the county attorney to elect on which alleged act of rape the state desired a conviction."

The Attorney General filed a confession of error wherein he concedes that this ruling of the court constitutes reversible error, citing numerous authorities in support of his position, including the case of *Montour v. State, ante,* 145 Pac. 811. The pertinent part of the opinion in that case is as follows:

"Of the various errors assigned for a reversal of the judgment, we deem it necessary to consider only the last. It has been held by this court that, in a prosecution for statutory rape, evidence is admissible of sexual acts between the prosecutrix and the defendant prior to and subsequent to the one charged and relied upon for a conviction, to show the relation and familiarity of the parties, and as tending to corroborate the testimony of the prosecutrix as to the particular act relied on for conviction. *Morris v. State,* 9 Okla. Cr. 241, 131 Pac. 731. However, where evidence of acts of intercourse between the prosecutrix and the defendant other than that relied on for a conviction has been admitted it is the duty of the court upon motion of the defendant

to require the state to elect upon which particular act the state will rely for a conviction, and, in the charge of the court, the jury should be restricted to the consideration of the act the state elects and relies on for a conviction, and the purpose of evidence of acts other than the one relied on should be properly explained therein.

"Here the prosecutrix testified to three separate and distinct offenses, either one of which would support the charge in the information, and the defendant could be tried for either, and separately for each of them. Under the ruling of the court refusing to require the state to elect, and under the charge of the court in this case, a verdict of guilty could have been rendered, although no two jurors were convinced beyond a reasonable doubt, or at all, of the truth of the charge as to any one of these separate offenses. In this class of cases, as well as in any other, the state must rely on a specific offense; and the conviction, if one is had, must depend upon the evidence of that offense alone. Other incidents are important only as tending to prove the one specific offense, for the alleged commission of which the defendant is on trial.

"It follows that the trial court committed prejudicial error in overruling the defendant's motion to require the state to elect."

Our code of criminal procedure provides that "The indictment or information must charge but one offense." (Section 5740, Rev. Laws 1910.)

Where the law permits but one transaction or offense to be set out in the accusation, whether in one count or in more than one, the prosecuting officer will be compelled to choose the transaction on which he will ask for a verdict. 1 Bishop New Crim. Proc. par. 459.

Upon the authority of the Montour case and in the light both of authority and reason, our opinion is that the trial court committed reversible error in overruling the defendant's motion to require the state to elect. The judgment is therefore reversed, and a new trial ordered.

FURMAN and ARMSTRONG, JJ., concur.