## FRED BRANHAM v. STATE.

No. A-2682—Opinion Filed July 23, 1919.

Rehearing Denied Aug. 9, 1919.

(182 Pac. 525.)

1.  **RAPE—Previous Virtuous Character—Evidence—Defense.** A defendant cannot shelter under a violation of a criminal law by him, and thereby escape conviction. In a prosecution for statutory rape of a female over 16 and under 18 years of age, evidence

of an act of criminal intercourse by the defendant and the prosecutrix, prior to the time of the specific act of sexual intercourse charged in the information, does not show that the prosecutrix was not of chaste and virtuous character.

2   **APPEAL AND ERROR—Request for Additional Instructions—Reversal.** If counsel of the defendant are of the opinion that additional instructions should be given by the trial court, it is their duty to request the court to give such instructions, and upon their failure so to do, a conviction will not be reversed for the failure of the court to give such instructions, unless such failure— in the light of the entire record—to instruct upon some material question of law has deprived the defendant of some substantial right.

3.  **RAPE—Statutory Rape—Sufficiency of Evidence.** The entire record in this case carefully examined, and the evidence found sufficient to support the verdict returned and judgment thereon rendered, and the trial of the case free from fundamental error.

*Appeal from District Court, Caddo County;*
*Will Linn, Judge.*

Fred Branham was convicted of rape in the second degree, and he appeals. Affirmed.

*C. H. Carswell,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.  The plaintiff in error, Fred Branham, was by information prosecuted for having sexual intercourse with Hazel Runking, she being a female of the age of 17 years, and of previous chaste and virtuous character, and not the wife of the defendant, was convicted and sentenced to imprisonment in the penitentiary at McAlester for the term of five years. To reverse the judgment rendered, he prosecutes this appeal.

The material uncontradicted evidence is that the prosecuting witness, an unmarried female, under 18 years of age at the time of the alleged offense, often spent the night in the home of the defendant, who was a married man, and the prosecuting witness and the defendant were intimate

friends; that they often exchanged notes expressing affection; that he made her a present of a watch; that she became pregnant, and he gave her money so she could go away from her home, which was in the vicinity of the defendant's home, so that her family would not know where she was; that the defendant thought that the prosecuting witness loved him, and that he expected that he had told her that he loved her; that the defendant had told Bob Wilkinson, a school-teacher, that he was having illicit intercourse with the prosecuting witness; that after the prosecuting witness had given birth to a child defendant went to see it, and said that he was satisfied, prior to and after seeing it, that it was his child.

That the prosecuting witness and the defendant had had illicit intercourse is admitted by the defendant, but the evidence is in conflict as to the number of such acts and when they took place, the prosecuting witness testifying that there were a number of such acts, and that all of said acts took place in the home of the defendant, while the defendant testified that he only engaged in one act of sexual intercourse with the prosecuting witness, and that was in a cornfield. There was also uncontradicted evidence that the prosecuting witness had never had sexual intercourse with any other person than the defendant, and that she constantly associated with the wife of the defendant, and went to the home of the defendant at the invitation of his wife, and was on intimate terms with the said wife prior to the wife becoming advised of the wrongdoing of her husband and the prosecuting witness. The previous character of the prosecuting witness for chastity and virtue was not attacked.

Among other instructions given the jury by the court, was instruction No. 7, which reads:

"Gentlemen of the jury, there has been offered in this case evidence of certain other and different alleged acts of sexual intercourse had and accomplished between the defendant and the prosecuting witness, Hazel Runking, of other than the specific act alleged in the information in this case as having occurred on or about —— day of August, 1912.

"This evidence, gentlemen of the jury, was admitted for one purpose and only one, and that is that it was competent and relevant for the purpose of showing the relations of the parties and as corroborative circumstances to be considered by the jury in determining whether or not the defendant committed the specific act charged."

Errors assigned and argued in defendant's brief are: (1) The verdict is not sustained by the evidence; (2) that the court did not directly and specifically instruct what under the law constitutes a previous chaste and virtuous character of the female under consideration. The several other errors assigned in the petition, which are not referred to or argued in the brief of defendant, will be regarded as abandoned, and will not be considered.

The defendant contends, without citing an authority in support thereof, that the evidence, especially for the reason that it shows a previous act of illicit intercourse between the prosecuting witness and the defendant prior to the time of the act alleged in the information, and that the prosecuting witness was not of chaste and virtuous character at the time charged in the information, is insufficient to support the verdict rendered. With this contention we cannot agree. The uncontradicted evidence is that at the time of the alleged illicit intercourse the prosecuting witness was under the age of consent, and that prior to her illicit intercourse with the defendant she was of chaste and virtuous character, and had never had sexual intercourse with any

man, and the defendant testified that he had had one act of sexual intercourse with her, and that he saw the child that was born to the defendant shortly after its birth, and said he knew, before and after seeing it, that it was his child, while the prosecuting witness testified that she had had many acts of sexual intercourse with the defendant, and thus it became the province of the jury to say whom they believed. That the prosecuting witness was induced to submit to the criminal embraces of the defendant by reason of her affection for him accentuates rather than palliates the guilt of the defendant. The contention of the defendant that the prosecuting witness having had sexual intercourse with the defendant prior to the time named in the information shows that she was not at the time alleged in the information of chaste and virtuous character, and therefore the evidence is insufficient to warrant the conviction of the defendant, is fully answered in the well-considered opinion of Judge Doyle in *Castleberry v. State*, 10 Okla. Cr. 504, 139 Pac. 132, adversely to the contention of the defendant, in which he says:

"It is contended, however, that because the prosecutrix testified that the defendant had sexual relations with her prior to 'the —— day of May, 1911, the time alleged in the indictment, she was not on the —— day of May, 1911, or at any time after the first act of sexual intercourse with the defendant, a female of previous chaste and virtuous character; therefore he cannot be convicted of any subsequent act, and counsel cite the case of *State v. Dacke*, 59 Wash. 238, 109 Pac. 1050, 30 L. R. A. (N. S.) 173. This contention presents the question to this court for the first time, and it becomes necessary therefore to determine whether a man may gratify his lust and passion by persuading a chaste child to permit him to have sexual intercourse with her, and afterwards repeat the act, and then, in a prosecution for * * * rape, take advantage of his pre-

vious defilement of the child to avoid the application of the statute. The testimony of the prosecutrix tended to prove several acts constituting the crime charged. The defendant did not move or request the court to require the state to elect on which act it would rely. The court properly instructed the jury, in effect, that if they found from the evidence beyond a reasonable doubt that the defendant, within the county and state, on the —— day of May, 1911, or at any time within three years prior to the finding of the indictment,, did have sexual intercourse with the prosecutrix, and that she was at the time under 18 years of age and of previous chaste and virtuous character, then they should find the defendant guilty of rape in the second degree. Our Code provides that an indictment or information must charge but one offense. Rev. Laws 1910, sec. 5741."

Regardless of what may be held in other jurisdictions, it is the settled law of this state that previous acts of illicit intercourse by the prosecutrix and the defendant prior to the act laid in the information does not show a want of chastity and virtue on the part of the prosecuting witness at the time of the act charged, and, the defendant being the author of her undoing, he cannot take advantage of his own wrong and hide himself under the cloak of this statutory requirement as a shield for his protection. *Castleberry v. State, supra.*

In *Spencer v. State,* 14 Okla. Cr. 182, 169 Pac. 272, L. R. A. 1918F, 592, Judge Matson says:

"It is not the policy of the law to encourage a culpable defense to an act which is itself criminal."

The court did not err in giving the seventh paragraph of the instruction excepted to.

In *S. G. Smith v. State,* 3 Okla. Cr. 629, 108 Pac. 418, it is held:

"Upon the subject of motive or intent, other transactions tending to prove its criminal existence, even though they may involve other offenses, may be given in evidence against the defendant, but such evidence must be so limited and restricted as to leave the jury only at liberty to use it to discover the motive or intent actuating the accused in the act for which he is on trial."

Other acts of illicit intercourse than the specific act charged in the information were admitted to be considered by the jury alone for the purpose of showing the relations of the parties, and the court, in accord with the rule announced in *Smith v. State, supra,* carefully, in said instruction complained of, limited and restricted the jury so as to leave the jury only at liberty to use such evidence to discover the relations existing between the parties.

"The general rule that the proof of other offenses is inadmissible, unless a part of the *res gestae,* does not apply to offenses involving sexual intercourse, and evidence of other acts is admissible to show the relation and familiarity of the parties, and as tending to corroborate the testimony of the prosecutrix as to the particular act relied on for conviction." *Morris v. State,* 9 Okla. Cr. 241, 131 Pac. 731.

"In a prosecution for statutory rape, evidence of acts of sexual intercourse between the prosecutrix and the defendant occurring subsequently and related in time to the act upon which the prosecution is based is admissible to show the intimate relations and familiarity of the parties and as corroborative of the ultimate fact sought to be proven." *Penn v. State,* 13 Okla. Cr. 367, 164 Pac. 992, L. R. A. 1917E, 668.

The defendant also insists that the court committed reversible error in failing to instruct the jury directly and specifically what under the law constitutes previous chaste and virtuous character. Under the evidence in this case,

the previous chaste and virtuous character of the prosecuting witness not having been attacked by any legal evidence, we do not think it was prejudicial error for the court to fail to so instruct the jury, especially as the defendant did not request an instruction in regard thereto.

"If counsel for defendant are of the opinion that additional instructions should be given to the jury, it is their duty to reduce them to writing, submit them to the trial judge, and request that they be given to the jury. If they fail to do this, a conviction will not be reversed unless this court is of the opinion, in the light of the entire record and instructions of the court, that by the failure of the trial court to instruct the jury upon some material question of law the defendant has been deprived of a substantial right." *Lumpkin v. State,* 5 Okla. Cr. 489, 115 Pac. 478.

We are unable to see, "in the light of the entire record and instructions of the court," and in the absence of a request so to do, that the defendant was deprived of any substantial right by the failure of the trial court to specifically define what, in law, constitutes a previous chaste and virtuous character.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.