## WILLIAM SWEARINGEN v. STATE.

No. A-5343.  Opinion Filed June 22, 1925.
(237 Pac. 135.)

M. D. Hartsell, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State

EDWARDS, J. For brevity and convenience, the plaintiff in error will be referred to as defendant. The defendant was charged by information in the district court of Muskogee county with the crime of rape in the first degree, alleged to have been committed on the person of Ovie Swearingen, a daughter of the defendant, of the age of 13 years at the time of the commission of the offense alleged.

The preliminary proceedings filed against the defendant were brought about by reason of a complaint made by Ovie Swearingen to certain women residing in the rooming house where they lived, and upon disclosures made to them and to the county attorney. Upon a preliminary hearing had on said complaint Ovie Swearingen, her sister, and her mother, all apparently under the influence or in fear of defendant, testified for him, and thereupon the court continued the hearing, and the witnesses were ordered held. Subsequently the preliminary hearing was reopened, and further testimony taken, at which time Ovie Swearingen and Rosa Swearingen each testified that her former evidence was false; that she had been induced to give such testimony; and thereupon testified fully as to the offense. The defendant was held for the district court, duly informed against, and upon a trial was convicted and sentenced to serve a term of 15 years in the state penitentiary.

Various errors are assigned as ground for reversal. It is urged that there is a material variance between the information and the original complaint, particularly in the charging of the date: it being charged in the complaint that the offense was committed on the 10th day of January, 1924, and the information alleged the crime to have been committed on the 10th day of January, 1922, and that orders of continuance were made in the preliminary examination in the absence of defendant and his counsel. No

authorities in support of the contention made are cited, and the record discloses that the charge made in the preliminary complaint was fully developed, and there could have been no surprise or prejudice to the defendant by reason of the discrepancy in evidence, particularly in view of the statute of this state and the holding of this court, in substance, that it is not necessary to prove the commission of the offense upon the exact date alleged. Section 2559, Comp. St. 1921; Ostendorf v. State, 8 Okla. Cr. 360, 128 P. 143; Star v. State, 9 Okla. Cr. 210, 131 P. 542.

It is further contended that it was error in the court in not requiring the state to elect upon what circumstance or act it would rely for a conviction prior to the taking of evidence. From the record it appears that several assaults upon the person of Ovie Swearingen were made, and the evidence of such acts given both at the preliminary and on the final trial. The defendant at several times during the proceeding moved the court to require the state to elect upon which act it would rely, which motion was denied until a portion of the evidence had been heard. Then the state elected an act of the approximate date of October 25, 1923. The defendant contends this election was not timely. In a prosecution for rape it is competent to prove other acts of intercourse between the parties committed prior to the act relied upon for conviction. Morris v. State, 9 Okla. Cr. 241, 131 P. 731; Myers v. State, 6 Okla. Cr. 389, 119 P. 136; Cecil v. Ter., 16 Okla. 197, 82 P. 654, 8 Ann. Cas. 457; Branham v. State, 16 Okla. Cr. 308, 182 P. 525. And acts of intercourse subsequent to the act relied upon may be proven. Morris v. State, supra, in which the case of Cecil v. Ter., supra, was overruled.

In the case at bar acts both prior and subsequent to the act on the date alleged were offered in evidence. It was necessary that the state elect the particular act upon which it would rely for a conviction. McLaughlin v. State, 2 Okla.

Cr. 343, 102 P. 713; Hughes v. State, 7 Okla. Cr. 117, 122 P. 554; Montour v. State, 11 Okla. Cr. 376, 145 P. 811; Petty v. State, 11 Okla. Cr. 646, 150 P. 91.

There is a wide difference in the holding of the courts of the various states as to the proper time for an election. 31 C. J. 790, § 360 (II), reads:

"In some of the state courts a motion to compel an election is too late when made after plea, but in the federal courts it may be made at any time before the conclusion of the trial, and according to the weight of authority, where distinct and separate felonies of the same character, punishable in the same manner, and to be established by the same evidence, are charged together, the court may in its discretion refuse to compel an election before the introduction of evidence by the state, but may reserve its decision until the close of the state's evidence and before accused is placed upon his defense. Indeed, it is held that, where an election is necessary, the appropriate time to elect is the close of the testimony on behalf of the state. * * *"

See Williams v. U. S., 17 Okla. 28, 87 P. 647.

We perceive no prejudice to the defendant by the delay in election until a portion of the evidence had been heard.

The defendant further contends that the evidence is insufficient to sustain the verdict, particularly that there is not sufficient proof of penetration. The evidence is revolting, and will not be set out here. The only direct evidence on this point other than two physicians who made an examination is that of Ovie Swearingen. Her evidence is sufficient on that point. However, the physicians who made an examination testify that the hymen was unbroken. They further testify that, while complete intercourse without a rupture of the hymen was possible, it was not probable; that there could have been an entrance of the outer part of the female organ without any rupture of the hymen; and the evidence of Ovie Swearingen seems to sup-

port that view of the evidence. Any penetration, however slight, is sufficient to constitute the crime of rape. Section 1836, Comp. St. 1921.

"The slightest penetration, however, of the body of the female by the sexual organ of the male is sufficient; it is not necessary that the penetration should be perfect; nor that there should be an entering of the vagina or rupturing of the hymen; the entering of the vulva or labia is sufficient." 33 Cyc., p. 1422 (II).

Considering all the evidence on this point, we believe this court would not be warranted in reversing this case for insufficiency of the evidence.

It is next contended and argued at some length that the trial court committed reversible error in commenting on the weight of the evidence and in statements made in the presence of the jury. The trial judge on several occasions showed some acerbity and a disposition to bandy remarks with counsel for defendant. We are mindful of the rule that statements or language of the court which might indicate to the jury the court's opinion of the credibility of the witnesses, weight of the evidence, facts proven, or the guilt of the defendant is prejudicial. Kirk v. Territory, 10 Okla. 48, 60 P. 797; Westfall v. State, 30 Okla. Cr. 115, 235 P. 270.

In several instances the court verged on a violation of this rule. There was possibly some excuse for his remarks in an instance or two, as the principal witness, Ovie Swearingen, was of tender years, and the ordeal of her testimony apparently painful, and it appears to us from an examination of the record that counsel for the defendant unduly prolonged, and was unnecessarily minute in his examination of this witness on the details of the offense charged. It is true that one defending should not neglect the development of any evidence beneficial to his client, or which might elicit the truth and assist the jury in ar-

riving at a just and true verdict. But when a matter of this nature is sufficiently thorough, it is the province of the court within reasonable bounds to interpose and limit further examination, but in doing so he should be careful not to indicate his opinions or impressions of the case in the hearing of the jury.

During the course of a trial the temper of the trial judge is often ruffled by what may seem unnecessary prolixity or groundless contentions, but, if he has the proper judicial temperament, he will maintain control of himself, deal courteously with counsel, and observe that poise and dignity which is expected and demanded of one in the high position he occupies. The conduct of the trial judge in this case is disapproved, but it is held not to be reversible error.

Various other matters are presented in the briefs, all of which have had our careful attention. Upon the whole case we find no error that requires a reversal. The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.