## EARL WILLIAMS v. STATE.

No. A-6214. Opinion Filed June 25, 1928.
(268 Pac. 329.)

304

Sams & Raymond, C. F. Gowdy, and Chas. Bucher, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Nowata county on a charge of rape in the first degree,

and was sentenced to serve a term of 15 years in the state penitentiary.

This is a second trial; the former having resulted in a mistrial. The record discloses that at the time charged defendant was 23 years of age; Ethel Franklin, the prosecutrix, was 13 years of age at the time. She is a sister of defendant's wife. Several acts of intercourse are testified to. The act relied upon for a conviction is testified to have occurred on July 27, 1924. The prosecutrix gave birth to a child on May 10, 1925. Various circumstances are testified to by witnesses for the state showing opportunity and corroborating prosecutrix as to her being at the home of defendant, where the various acts are testified to have taken place. Defendant denied the testimony of prosecutrix and offered evidence of previous good reputation and some further testimony. The testimony differs from the usual rape case in several particulars: There is no showing that the prosecutrix had opportunity for sexual intercourse with any person other than defendant. No ill will between members of the family, nor motive for a false accusation is suggested. So far as is apparent from an examination of the record, there is nothing inherently improbable or unreasonable in the testimony of prosecutrix, but it appears to be that of an unsophisticated young girl. The evidence for the state is ample to sustain the conviction. The evidence for the defense sharply conflicts with it. The weight of this evidence and the credibility of the witnesses was within the exclusive province of the jury. We perceive no reason why this court should disturb the judgment by reason of any insufficiency in the evidence.

The first assignment of error argued is of misconduct of the special prosecutor, who had been county attorney at the time the case was filed. This assignment

is directed to the calling of the prosecutrix to the stand having in her arms the baby referred to in the evidence, which at the time was about 6 months old. Just prior to this, counsel in the judge's chambers had discussed with the trial judge the admissibility of the baby as an exhibit, and the court indicated that he would exclude such evidence. No record of this informal discussion was made, but later upon request the court made a statement for the record as to what took place, stating the substance of what occurred, and that the discussion was informal and no motion or objection made. Upon an objection to the presence of the child in court, the objection was sustained and the child removed from the courtroom. There is a division in the authorities as to the propriety of permitting the exhibiting of a child claimed to be the result of unlawful intercourse as in a rape case or a proceeding in bastardy. 22 R. C. L. "Rape," p. 1202, says:

"* * * On a charge of statutory rape, the birth of a child conclusively establishes a prior act of unlawful intercourse, when the date of the birth is such as to show that the child was conceived prior to the time when the mother arrived at the age of consent, and it is permissible for the prosecution to exhibit the child to the jury to prove the commission of the crime, for in such cases the state cannot be confined to proof by oral testimony, and excluded from presenting the child to the jury as evidence tending to establish the fact of birth and prior unlawful intercourse. The propriety of the exhibition of a child for the purpose of comparison on the question of race or color is conceded. And many courts permit the prosecution to exhibit to the jury a child born to the prosecutrix as a result of the rape for the purpose of fixing the paternity on the defendant and thereby establishing the fact that the defendant committed the crime. By other and very respectable authorities, however, exhibition of the child for comparison with its putative father is held to be improper and inadmissible. * * *"

The weight of the authorities state the rule that, for the purpose of corroborating the prosecutrix as to the fact of intercourse, evidence is admissible to prove the birth of a child, and the child may be exhibited to the jury to corroborate such evdence, but not to prove resemblance. 10 Enc. of Ev. 599, note 45. 3 R. C. L. "Bastardy," 765, 766, notes 13, 14. State v. Neel, 23 Utah, 541, 65 P. 494; State v. Danforth, 6 Ann. Cas. 577, notes; Rex v. Hughes, 19 Ann. Cas. 534, notes; State v. Henderson, 19 Idaho, 524, 114 P. 30. State v. Buckle, 116 Kan. 51, 225 P. 1035; Redman v. State, 67 Tex. Cr. R. 374, 149 S. W. 670. See, also, Watson v. Taylor, 35 Okla. 768, 131 P. 922; Ratzlaff v. State, 102 Okla. 263, 229 P. 278.

The prosecutrix testified as to the intercourse, and that as a result thereof she became pregnant. The testimony of a physician who waited upon her at the time of the delivery of her child was in evidence. That as a result of intercourse with some person the prosecutrix became pregnant and was delivered of a child on May 10, 1925, is not questioned. The mere fact that when called to the stand the prosecutrix had the child in her arms, where the child was not offered as an exhibit, and no reference made to it in the presence of the jury, is not prejudicial.

Complaint is further made that the court erred in permitting the state to elect an act of rape committed on July 27, 1924, when on the former trial the state had elected an act which occurred on September 22. The record does not show the date of the act elected at the former trial; in any event, the contention is not tenable. When a case has been tried and has resulted in a mistrial or a new trial has been granted, it stands in the same situation as if no trial had taken place, and the state upon a second trial may elect upon which act it

will rely as in the first instance. The state is not required to elect upon which act it will rely until the evidence for the state is concluded. An election of a particular act in the first trial did not preclude the state upon a second trial from electing a different act. Johnson v. State, 1 Okla. Cr. 321, 97 P. 1059, 18 Ann. Cas. 300; Petty v. State, 11 Okla. Cr. 646, 150 P. 91; Watson v. State, 26 Okla. Cr. 377, 224 P. 368; Moorehead v. State, 38 Okla. Cr. 328, 261 P. 231.

It is contended that the trial court erred and sacrificed the interests of the defendant in unduly pushing the trial in order to comply with a special assignment in another county. The trial consumed three days, and on the third day convened at 8:30 a. m., 30 minutes earlier than usual. The argument was concluded shortly before midnight, and the jury then retired to consider its verdict. Between 4 and 5 o'clock a. m., the jury asked to have certain evidence read, and, while the reporter was collating his notes, the jury were returned to the jury room, later recalled, and the desired testimony read to them. Soon thereafter they returned with a verdict. Ordinarily this would be error as pushing the work of the court, counsel, and jury to undue limits. Trials should be orderly and the proceedings reasonably deliberate. The sessions of the court should not be prolonged to unreasonable hours. When this is done to the extent that it may have amounted to a coercion of the verdict, and where a proper record is preserved by objections, the appellate court should set aside a verdict so obtained and grant a new trial. In the record before us, however, counsel for defendant made no objection to the continuance of the session beyond the usual time, but, so far as the record shows, or any contention is made here, they were entirely willing that the jury continue in session until a verdict had been reached. Where no objection is made, it is too late

after verdict to insist that the court unduly prolonged the session and coerced the verdict of the jury. Johnson v. State, 1 Okla. Cr. 321, 97 P. 1059, 18 Ann. Cas. 300; Baker v. State, 9 Okla. Cr. 47, 130 P. 524.

Various other errors are suggested in the briefs. None have been overlooked, but all have had the attention of the court. None are of sufficient importance to require a special discussion. Upon the whole case we are convinced that defendant had a fair trial. The issues were fairly submitted, and no prejudicial error is made to appear.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.