GLENN TIMMONS et al. v. STATE.

No. A-6611. Opinion Filed August 24, 1929.
(280 Pac. 314.)

Ash, Jones & Wesner, for plaintiffs in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiffs in error, hereinafter called defendants, were convicted in the district court of Beckham county on a charge of rape in the first degree, and their punishment fixed at 15 years' imprisonment for each of them.

The information in this case charges "* * * that Glenn Timmons and Thelmar Thompson, acting jointly and together, late of the county aforesaid, on or about the 10th day of October, 1926, in the county of Beckham and state of Oklahoma, did then and there unlawfully, wrongfully, forcibly, violently and feloniously make an assault in and upon one Gertrude Green, a female, not the wife of them or either of them, the said Glenn Timmons and the said Thelmar Thompson, thereupon and then and there and thereby overcome her resistance, and did then and there unlawfully, wrongfully, forcibly, violently and feloniously, without her consent and against her will, by means of said force sufficient to overcome her resistance, rape, ravish and carnally know her, the said Gertrude Green, contrary to the form of statutes in such cases made and provided and against the peace and dignity of the state."

At the conclusion of the evidence on the part of the state in chief, and after its announcement of rest, the

defendants asked the court to require the county attorney to elect upon which of the two acts of intercourse proven by the state it would ask a verdict of guilty, to which motion the county attorney objected, on the ground that the proof showed one continuous offense; thereupon said motion was overruled by the court and exception saved by the defendants.

At the close of the case, and upon announcement of rest by both parties, the defendants renewed their motion requiring the state to elect upon which act of intercourse it would ask a conviction, which motion was overruled by the court, and exception reserved by defendants.

The prosecutrix testified to two separate and distinct acts of intercourse, one with the defendant Glenn Timmons, and one with the defendant Thelmar Thompson, and that each of such acts of intercourse took place in the absence of the other defendant, and was accomplished without her consent, by force and violence overcoming her resistance.

In the case of Smith v. State, 20 Okla. Cr. 124, 201 Pac. 663, 664, this court said:

"Rape is not a continuous offense. On the evidence in this case every act of sexual intercourse testified to by the prosecutrix constituted a distinct crime, and the trial court should either require the prosecution to elect upon which of such acts it would rely for a conviction, or else the court would have treated the act of which the state first introduced evidence to tend in any degree to prove the offense as an election and should have given a specific instruction limiting the jury to a consideration of this particular act as a basis for a conviction. 22 R. C. L. p. 1227, § 63. * * * It has been repeatedly held in this state that a person may be tried for, and convicted of, only one offense at a time, and while proof of other acts of

intercourse, in a prosecution for statutory rape occurring both prior to and subsequent to the one relied upon for a conviction, may be proved for the purpose of showing the intimate relations existing between the parties, etc., the conviction must be based solely upon one of such acts and not all of them. Gracy v. State, 13 Okla. Cr. 643, 166 Pac. 442."

In the above case, the prosecutrix testified to different acts of intercourse, and the judge instructed the jury that, if they believed from all the evidence beyond a reasonable doubt that the defendant accomplished sexual intercourse with the prosecutrix at any time within 3 years from the filing of the information, and the prosecutrix was not at that time the wife of the defendant and was under the age of 14 years, then the verdict should be that the defendant is guilty of rape in the first degree; in the opinion of the court it is said by Judge Matson that it is apparent by this instruction that the jurors were permitted to base a conviction upon any of the numerous acts of sexual intercourse testified to by prosecutrix, and that, manifestly, one of the jurors may have believed the defendant guilty, basing his belief upon proof of an act of sexual intercourse testified to by the prosecutrix, entirely different from that which another of said jurors based his belief, so therefore, while the 12 jurors may have unanimously arrived at the conclusion that the defendant was guilty of the crime charged, there is no way of determining by this record that each of said jurors based his conviction of guilt upon the same act of sexual intercourse, citing Montour v. State, 11 Okla. Cr. 376, 145 Pac. 811; and that examination of the record discloses that the defendant was not tried with reference to any particular act of sexual intercourse alleged to have been committed with the prosecutrix, or any other particular act of sexual intercourse occurring within 3 years

preceding the filing of the information; and that the trial court in not requiring the state to elect upon one such particular act, and in submitting the question of guilt on all of such acts, clearly committed reversible error, as this conviction could not be pleaded in bar of a subsequent prosecution based on any definite act of sexual intercourse alleged to have occurred between the defendant and the prosecutrix.

In Montour v. State, supra, it appears that the prosecutrix testified to three separate and distinct acts of intercourse, either one of which would support the charge in the information, and this court held that in such case it was the duty of the trial court, upon motion of the defendant, to have required the state to elect upon which particular act the state would rely for a conviction, and in the charge of the court the jury should have been restricted to the consideration of the act the state elects and relies on for a conviction, and that the purpose of the acts other than the one relied on should have been properly explained in the instructions; that under the ruling of the trial court refusing to require the state to elect, and under the charge of the court, a verdict of guilty could have been rendered, although no two jurors were convinced beyond a reasonable doubt, or at all, of the truth of the charge as to any one of the separate offenses; that in this class of cases, as well as any other, the state must rely on a specific offense, and the conviction, if one is had, must depend upon the evidence of that offense alone. Other incidents are important only as tending to prove the one specific offense, for the alleged commission of which the defendant is on trial.

In the case of Petty v. State, 11 Okla. Cr. 646, 150 Pac. 91, 92, this court said:

"Our Code of Criminal Procedure provides that: 'The indictment or information must charge but one offense.' Section 5741, Revised Laws. Where the law permits but one transaction or offense to be set out in the accusation, whether in one count or in more than one count the prosecuting officer will be compelled to choose the transaction on which he will ask for a verdict. 1 Bishop, New Crim. Proc. par. 459."

In the case at bar the trial court, in paragraph 6 of the instructions, told the jury:

"You are instructed that all persons concerned in the commission of a crime, whether they directly commit the act constituting the offense, or only aid and abet in its commission, though not present, are principals, and to aid and abet may consist of words spoken or acts done for the purpose of assisting in the commission of a crime or of encouraging another in its commission."

Upon the evidence, and under this instruction and the others given, the jury returned a general verdict of guilty of rape in the first degree against both of the defendants. The state offered evidence of the separate acts of the defendants, either one of which, if true, constituted a distinct act of rape, committed in the absence and without the aid or assistance of the other defendant. By the overruling of the motion requiring the state to elect and the giving of instruction No. 6, the jury were authorized to convict the defendants, or either of them, each for a separate rape committed upon the prosecutrix, or for aiding and assisting each other in the commission of the separate offenses, and this court is unable to determine from the record and from the verdict of the jury which one of the four separate and distinct crimes the defendants were convicted of. Under the Constitution and statutes, the defendant may only be required to defend against one offense at a time. It was reversible error for the

trial court to refuse to require the state to elect upon which of the offenses it would rely for a verdict, and to instruct the jury in effect that they might find the defendants guilty on any one of the offenses. See, also, Williams v. State, 40 Okla. Cr. 303, 268 Pac. 329; Moorehead v. State, 38 Okla. Cr. 328, 261 Pac. 231.

The state could have filed a separate information against each of the defendants, and this probably would have been the better practice; but, since the state elected to charge them jointly, it was bound to rely upon one of the several acts to secure a conviction. The evidence of the other acts could only be received as part of the res gestae.

The defendant complains of numerous other errors, but they will probably not arise in another trial of the case, and are not passed on at this time. For the reasons stated, the cause is reversed and remanded, with instructions to proceed with the trial of the case in accordance with this opinion.

EDWARDS, P. J., and DAVENPORT, J., concur.