## BIRL McLEMORE v. STATE.

No. A-7456. Opinion Filed July 19, 1930.
(290 Pac. 349.)

164

Ash, Jones & Wesner, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted of adultery in the district court of Washita county, and was sentenced to serve a term of three years in the penitentiary.

The evidence for the state is that defendant became enamoured with the wife of his nephew, and that they committed an act of sexual intercourse about July 15th, and on August 8th defendant took her in his car and drove with her to West Texas, then returned with her to Chickasha, and there gave her money to go to her father at Stratford.   He returned to his home on August 11th.   The principal witness for the state is Mabel McLemore, the female with whom the offense was committed.   She testified that at the time she left with defendant on August 8th, they committed an act of sexual intercourse near Cordell and another before reaching Sayre.   Defendant admits he took Mabel McLemore in his car, but it was on the night of August 9th; that he did not go west to Cordell, Sayre, and Texas, as she testified, but that he took her to Chickasha, gave her money to go to Stratford and returned home, reaching there on the morning of the 11th.

It is argued briefly that the evidence is insufficient to sustain the judgment.   Without setting out the evidence and circumstances supporting the testimony of the prin-

cipal witness, we find there is ample evidence to sustain the judgment.

The main contention urged is that the court committed fundamental error in not requiring the state to elect the act relied upon for a conviction, citing State v. Hilberg, 22 Utah, 27, 61 Pac. 215; State v. Thompson, 31 Utah, 228, 87 Pac. 709; State v. Moss, 73 Wash. 430, 131 Pac. 1132; Timmons v. State, 44 Okla. Cr. 200, 280 Pac. 314. We are not unmindful of the rule announced in the Timmons Case, supra, and other cases. Adultery, like rape, is not a continuous offense. The court by instruction 8 told the jury that evidence of other acts of intercourse must be considered by them only for the purpose of throwing light on the question of guilt or innocence and as tending to show the intention and disposition of the parties, and for no other purpose, and further instructed that if they find beyond a reasonable doubt that the offense was committed in Washita county about the date charged, they should find the defendant guilty, but if they have a reasonable doubt they should acquit defendant. No exception was taken to any of the instructions. No request for an election was made at the time of trial nor in the motion for new trial. The rule requiring an election, where different acts which might be an offense are proven, is to prevent the jury from basing a conviction on more than one act and to compel the minds of the jurors to agree on guilt or innocence of one particular offense, and further to enable the accused to plead former jeopardy in case of an attempt to again prosecute.

The record before us clearly discloses that the state relied upon the act shown by the evidence to have been committed in Washita county on the night of August 8th. The evidence of this act with the instructions of the court

are sufficiently definite to limit the verdict of the jury to this act and constitutes an election. There is no substantial merit in the appeal. Upon an examination of the entire record, however, we are of the opinion that justice requires that the judgment be modified by reducing it to confinement in the penitentiary for a term of two years, and as modified, the case is affirmed.

DAVENPORT, J., concurs. CHAPPELL, J., absent, not participating.