## CHARLES KILPATRICK v. STATE.

No. A-9847.   Jan. 15, 1941.
(109 P. 2d 516.)

A. W. Billings, of Woodward, and Mauntel & Spellman, of Alva, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. On March 27, 1939, the defendant, Charles Kilpatrick, was charged in the district court of Woodward county with the crime of rape upon Glenna Endsley on March 13, 1939, was tried, convicted, and sentenced to serve a term of 15 years in the State Penitentiary, from which judgment and sentence he appeals to this court.

The state introduced testimony that the defendant through threats and force overcame the resistance of the prosecutrix and twice had sexual intercourse with her against her will during the same evening. The prosecutrix testified that these two acts were committed while the defendant, his brother, Earl Kilpatrick, the prosecutrix, another girl whom Earl Kilpatrick is alleged to have raped, and three other younger people were out riding in a coupe belonging to the Kilpatrick brothers. The acts of intercourse are claimed to have happened on two occasions when the car stopped and the parties took a walk away from the car. The state refused to elect, and was not required to elect by the trial court, which of the two offenses it would rely upon for a conviction in this case.

The testimony of the defendant was that he propositioned the prosecutrix and that she refused to grant his request unless he would use a contraceptive. He denies that they lay together at that time. However, later that same evening he again expressed his desire to her, and she acceded so readily as to take off her pants herself so that he could "do it right."

The defendant contends that the trial court committed reversible error in refusing to require the state to elect upon which of the two alleged offenses it would rely for conviction, and in refusing to give certain instructions to the jury.

This court held in Smith v. State, 20 Okla. Cr. 124, 201 P. 663:

"Rape is not a continuous offense. On the evidence in this case every act of sexual intercourse testified to by the prosecutrix constituted a distinct crime, and the trial court should either require the prosecution to elect upon which of such acts it would rely for a conviction, or else the court would have treated the act of which the state first introduced evidence to tend in any degree to prove the offense as an election and should have given a specific instruction limiting the jury to a consideration of this particular act as a basis for a conviction." Timmons v. State, 44 Okla. Cr. 200, 280 P. 314.

In Cooper v. State, 31 Okla. Cr. 217, 238 P. 503, 504, this court stated:

"The holdings of this court * * * may be summarized by saying that a person may be tried for and convicted for only one offense at a time; that rape is not a continuous offense, and while in a trial upon a charge for rape proof of other acts of intercourse may be proven for the purpose of corroboration, and as showing the intimate relation between the parties, a conviction must be based on one act. Here, the defendant was not tried with reference to any particular act, the prosecution was not required to

elect any particular act, and the court did not treat the first act proven as an election. * * * The error is reversible." Moorehead v. State, 38 Okla. Cr. 328, 261 P. 231.

This court said in Williams v. State, 40 Okla. Cr. 303, 268 P. 329:

"It is not essential that such election be made until the close of the evidence, and, if not made by the prosecution, the court should by instruction limit the jury to a consideration of one particular act as a basis for a conviction and should limit proof of other acts as corroboration, or as showing the relation of the parties."

In the companion case of Earl Kilpatrick v. State, 71 Okla. Cr. 125, 109 P. 2d 514, this day decided, the trial court sustained the motion of the defendant to require the prosecution to elect upon which of several acts of sexual intercourse indulged in the same night they were relying for conviction. That case was heard before the instant case; but in the trial of the case at bar, which was heard by a different trial judge, the judge refused to require the state to elect upon which offense it was relying for conviction. Even though both of the offenses testified to in this case were committed the same night, they were separate and distinct offenses; and the jury in considering this case and returning their verdict might have been divided in their opinion as to when the offense occurred. Some of them might have thought the rape was committed the first time the proposition was made, as testified by the prosecutrix, and that all acts of intercourse had subsequent to that time were not rape for the reason that the prosecutrix consented to the subsequent acts. And some of them might have believed the statement of the defendant that no intercourse was had at the time of the alleged first offense, but that rape was committed thereafter. The trial court was evidently of the opinion that all of the things that transpired constituted but one offense because the

various acts were all committed the same night and within a comparatively short space of time, the total elapsed time according to the testimony of the witnesses being about four hours from the time of the meeting of the defendant and his brother with the prosecutrix and her companion to the time the girls were returned to their homes.

The defendant asked for an instruction submitting the issue of the included offense of assault and battery, which was refused and exception allowed; and the instructions given by the court did not submit the issue of the included offense of assault with intent to commit a felony as defined by section 1869, C. S. 1931, 21 Okla. St. Ann. § 681.

Our Code of Criminal Procedure provides that the jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense. Section 3097, O. S. 1931, 22 Okla. St. Ann. § 916.

The defendant was charged with the offense of rape in the first degree; and the information alleges that the defendant through threats and by force that overcame the resistance of the prosecutrix did have sexual intercourse with her. Under the statute, the trial court should submit the case to the jury for consideration upon every degree of assault which the evidence in any reasonable view of it suggests, and the instructions given must be applicable to the testimony introduced on the trial. The court's instructions were proper in view of the evidence introduced by the state, but did not take into consideration the theory of the defense completely enough to assure the defendant a fair trial.

In Tayrien v. State, 33 Okla. Cr. 231, 242 P. 1061, 1063, this court held:

"The rule is well settled that where there is evidence tending to prove the commission of an offense which is

necessarily included in the offense charged, it is error for the trial court to refuse to instruct the jury of their right to convict of the lesser offense." Clark v. State, 6 Okla. Cr. 100, 116 P. 200; Stiles v. State, 53 Okla. Cr. 187, 9 P. 2d 58.

Under the testimony of the defendant, he did not have intercourse with the prosecutrix at the first stop because they thought somebody was coming, and they all got scared and ran back to the car. However, he admits soliciting the prosecutrix to have intercourse at that time, and the jury might reasonably have concluded from his evidence that he assaulted the prosecutrix, but stopped short of rape.

Upon the record and consideration of all the evidence, we are of the opinion that the court erred in refusing to submit the issue of assault and battery and in restricting the verdict to that of guilty or not guilty of the crime of rape.

In view of another trial, we are of the opinion that under the evidence in this case, the court should submit the offense of assault and battery and, also, the offense of assault with intent to commit rape.

The judgment of the district court of Woodward county is reversed, and the cause remanded for further proceedings in accordance with this opinion.

The warden of the State Penitentiary will surrender the defendant, Charles Kilpatrick, to the sheriff of Woodward county to be returned to said county and held in custody until he shall be discharged or as otherwise ordered according to law.

BAREFOOT, P. J., and DOYLE, J., concur.