**Bernard CRAWFORD, Appellant,**

**v.**

**STATE of Oklahoma, Appellee.**

**No. F–82–734.**

Court of Criminal Appeals of Oklahoma.

Sept. 10, 1984.

Rehearing Denied Sept. 26, 1984.

---

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., John O. Walton, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

On appeal from his conviction of Burglary, First Degree, After Former Conviction of a Felony, Case No. CRF–80–3201, and sentence of twenty (20) years imprisonment, and Rape, First Degree, After Former Conviction of a Felony, Case No. CRF–80–3202, and sentence of one hundred fifteen (115) years, from the District Court of Tulsa County, Oklahoma, the appellant, Bernard Crawford, raises seven assignments of error. The facts of the case will be discussed as they become relevant.

### I.

In his first allegation of error, defendant complains the trial court committed error in admitting evidence that the defendant committed two separate acts of rape upon the victim. It is true rape is not a continuous offense, and where a single act of intercourse is charged and a series is proven in a prosecution for rape, the prosecution must make an election. *Louis v. State*, 92 Okl.Cr. 156, 222 P.2d 160 (1950); *Williams v. State*, 40 Okl.Cr. 303, 268 P. 329 (1928); *Kilpatrick v. State*, 71 Okl.Cr. 129, 109 P.2d 516 (1941).

However, this Court has held where two acts of rape have occurred within a short period of time, it is part of a continuous process and constitutes only one crime. *Wade v. State*, 556 P.2d 275 (Okl.Cr.1976);

*Turnbow v. State,* 451 P.2d 387 (Okl.Cr. 1969).

In the case at bar, there is no evidence as to the exact period of time between the two rapes, although the inference is the period was not great. This Court will not reverse absent substantial proof that sufficient time elapsed between the two rapes as to constitute two separate offenses. Consequently, this allegation is without merit.

## II.

In his second allegation of error, the defendant complains the trial court erred in admitting testimony and exhibits obtained in violation of the defendant's rights under the Fourth and Fourteenth Amendments to the United States Constitution. We have previously discussed this issue in *Crawford v. State,* Case No. F–82–351, and accordingly, find this contention to be without merit.

## III.

The defendant next contends the trial court made several errors in denying his motion to suppress statements allegedly made by the defendant. We find all to be without error.

■ The defendant first complains his confession was not voluntary in that he was mentally and physically abused, and was denied an attorney when so requested. There was substantial evidence presented to the judge that the defendant was advised of his Miranda rights, and he executed and signed a waiver of those rights, and was not at anytime mistreated or pressured into waiving those rights.

After considering the conflicting evidence, the trial court held the defendant's confession admissible. We find no abuse of discretion. *Blackwood v. State,* 525 P.2d 1369 (Okl.Cr.1974); citing *Bryant v. State,* 478 P.2d 907 (Okl.Cr.1971).

The defendant also complains his confession was taken in violation of the Code of Professional Responsibility. We disagree. See *Crawford v. State,* Case No. F–82–351.

## IV.

■ In his fourth allegation of error, the defendant complains his right to testify in his own behalf was denied by the trial court overruling his motion in limine regarding his impeachment with a prior rape conviction which was being appealed. We find *Holbert v. State,* 664 P.2d 1061 (Okl. Cr.1983) controlling, wherein we held that "[B]y failing to take the stand and actually contest the Trial Court's decision, the appellant has precluded this issue from being brought before this Court." For *contra* view, see *Jones v. State,* 274 Ark. 379, 625 S.W.2d 471 (1981). Consequently, we find this allegation meritless.

## V.

■ In his fifth allegation of error, the defendant complains the trial court erred in denying his request for an expert at the state's expense. This Court has held on numerous occasions that a defendant in a criminal case is not so entitled to the appointment of an expert witness. *Goforth v. State,* 644 P.2d 114 (Okl.Cr.1982); *Maghe v. State,* 620 P.2d 433 (Okl.Cr.1980); *Huitt v. State,* 462 P.2d 873 (Okl.Cr.1977). We find this allegation also meritless.

## VI.

■ In his sixth assignment of error, the defendant complains of improper comments by the prosecutor, which denied the defendant a fair and impartial trial, as well as causing excessive punishment to be assessed. During closing argument, the prosecutor gave his personal opinion when he stated: "Now, who committed these crimes? The defendant committed these crimes." Additionally, it was error for the state to comment on the absence of a defense expert when the court had denied defendant his motion for appointment of an expert. The prosecutor improperly mislead the jury by telling them a confession alone was enough to convict any person, thereby incorrectly stating the law.

While we do not feel these comments warrant reversal or modification, they are perilously close. The trial judge should be

alert to improper prosecutorial comments which have the potential of prejudicing a jury, and should, accordingly, admonish the jury when such statements are brought to the court's attention.

### VII.

In his final allegation of error, defendant contends evidence of prior convictions was introduced at the preliminary hearing, but the magistrate failed to add the notation "AFCF" to the charge when binding him over for trial. We find *Hambrick v. State,* 535 P.2d 703 (Okl.Cr.1975) controlling, wherein we held where the examining magistrate, through mistake or inadvertence, bound defendant over for trial on the charge of Burglary, Second Degree, and defendant entered a plea of not guilty at arraignment to the charge of Burglary, Second Degree, AFCF, irregularities in the magistrate's order binding defendant over for trial were waived. Accordingly, this allegation is meritless.

Accordingly, for the foregoing reasons, the judgment and sentence is **AFFIRMED.**

BRETT, J., concurs.

BUSSEY, P.J., concurs in result.