FILED
United States Court of Appeals
Tenth Circuit

**March 1, 2010**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

TROY L. SPRADLING,

      Petitioner - Appellant,

v.

MIKE ADDISON,

      Respondent - Appellee.

No. 09-6195
(D.C. No. 08-CV-00793-D)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

Defendant-Appellant Troy L. Spradling, a state inmate represented by counsel, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition.  To obtain a COA, Mr. Spradling must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  Mr. Spradling has not made the requisite showing, and therefore we deny a COA and dismiss the appeal.

Background

Following a jury trial, Mr. Spradling was convicted of one count of lewd

acts with a child under 16 (count two), one count of sexual battery (count ten), and two counts of rape by instrumentation (counts eleven and nineteen), and was acquitted of the remaining thirty-six counts. Aplt. App. 78. He was sentenced to five years' imprisonment for each of the convictions to be served consecutively. Aplt. App. 78. The Oklahoma Court of Criminal Appeals (OCCA) affirmed the convictions and sentences on direct appeal. Aplt. App. 78. Mr. Spradling then sought post-conviction relief in the state district court with new counsel. Aplt. App. 44-66. He argued, inter alia, that (1) the trial court erred in failing to require the prosecution to elect the acts upon which each of the charges was based, and his trial/appellate counsel was ineffective in failing to raise this claim; and (2) his convictions for counts two and eleven violated his constitutional right to be protected from double jeopardy, and his trial/appellate counsel was ineffective in failing to raise this claim. Aplt. App. 57-65. The state district court denied post-conviction relief, and the OCCA affirmed. Aplt. App. 78-81, 110-16.

Mr. Spradling's federal habeas petition was limited to these two claims of ineffective assistance of counsel. The magistrate judge considered his petition on the merits and recommended that it be denied. Aplt. App. 117-28. After addressing Mr. Spradling's objections to the magistrate judge's report and recommendation, the federal district court adopted the report and recommendation and denied the petition. Aplt. App. 138-40.

- 2 -

## Discussion

Before reaching the merits of Mr. Spradling's claims, we must determine whether he is entitled to a COA. Pursuant to 28 U.S.C. § 2253(c)(2), an inmate seeking a COA must make "a substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). He may do so by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted). To prevail on an ineffective assistance claim, Mr. Spradling must show (1) deficient performance by counsel and (2) prejudice from counsel's error or omission. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

When a state court has considered a claim on the merits, we must defer to its resolution unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2). Further, state court findings are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. Id. § 2254(e)(1).

On appeal, Mr. Spradling argues that the factual determinations underlying

the OCCA's rejection of his claims are unreasonable. Aplt. Br. 23, 30. In his first ground, he relies on Oklahoma's common law election rule which, subject to certain exceptions, requires the prosecution to elect the acts upon which rape charges were based. See Crawford v. State, 688 P.2d 347, 348 (Okla. Crim. App. 1984) (election generally required for a rape charge); Ives v. Boone, 101 F. App'x 274, 293-294 (2004) (election not required in cases involving child abuse). Mr. Spradling contends that his counsel should have requested that the prosecutor elect the acts on which the charges were based. Aplt. Br. 10-25. In considering and rejecting the underlying claims of trial court error, the OCCA explained, "While the abuse in this case constituted a continuous offense, the State specifically elected to charge Petitioner with 40 separate and distinct offenses which it alleged took place during the relevant time period. By so doing, the State elected to specifically charge Petitioner[] with separate counts for each alleged offense." Aplt. App. 115; see Gregg v. State, 844 P.2d 867, 878 (Okla. Crim. App. 1992) (relying upon same rationale). We are bound by the OCCA's interpretation of state law. Johnson v. Mullin, 505 F.3d 1128, 1141-1142 (10th Cir. 2007) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)) ("'[I]t is not the province of a federal habeas court to reexamine state court determinations on state-law questions'"). Although Mr. Spradling argues that the OCCA failed to apply its election rule based upon its unreasonable determination of the facts (given the prosecution's reliance on more acts than it chose to charge), this is

- 4 -

plainly a state-law issue on which we must defer.* Because the OCCA held that election was not required, it is not reasonably debatable that counsel's failure to raise this issue during trial or on appeal was either deficient performance or prejudicial under <u>Strickland</u>.

The district court's resolution of counsel's failure to pursue the double jeopardy issue is likewise not reasonably debatable. To the extent Mr. Spradling argues that his conviction violates the prohibition on multiple punishments found at Okla. Stat. tit. 21, § 11, the state court's interpretation of its own laws is not a cognizable claim for federal habeas relief. <u>Estelle</u>, 502 U.S. at 67-68. Instead, we are limited to deciding whether his conviction violated the Constitution or laws of the United States. 28 U.S.C. § 2254(a).

Count two charged Defendant with touching the victim in a lewd manner whereas count eleven charged penetration. Mr. Spradling argues that the jury instructions and the prosecutor's arguments allowed the jury to convict on both counts based on a single act. Aplt. Br. 25-26. The OCCA addressed this argument, stating:

> Petitioner was charged with committing numerous offenses against each of the victims over an extended period of time.

---

\* We note that even if this were a factual issue to which § 2254(d)(2) somehow applied, Mr. Spradling would have to prove that the determination was unreasonable, which means more than merely debatable. <u>See</u> <u>Wood v. Allen</u>, —S. Ct. — , 2010 WL 173369 at *6 (2010). At a minimum, this would involve discussing the uncharged acts in relation to the counts of conviction with citations to a transcript.

> Testimony received from the victims included descriptions of numerous types of abuse, which included numerous acts of . . . penetration, and other acts which consisted [of] touching the victims' private body parts. . . . [T]estimony was voluminous, and was elicited to support each of the charges. . . . While it is possible that the charge of Lewd Acts could be a lesser included offense of Rape by Instrumentation, we find there was sufficient evidence presented to support convictions for both counts.

Aplt. App. 115.

We review a habeas petition alleging multiple punishment double jeopardy only to determine whether the state trial court imposed a sentence greater than the legislature intended. Missouri v. Hunter, 459 U.S. 359, 368 (1983). "'[W]e are bound by a state court's determination of the legislature's intent.'" Cummings v. Evans, 161 F.3d 610, 615 (10th Cir. 1998) (quoting Birr v. Shillinger, 894 F.2d 1160, 1161 (10th Cir. 1990)). Thus, "if the highest state court determines that the legislature intended to punish separate offenses cumulatively, a federal habeas court must defer to that conclusion." Id. at 615. The magistrate judge concluded that the OCCA rejected Mr. Spradling's double jeopardy claim "based on the court's conclusion that multiple punishments were permitted by the Oklahoma legislature because sufficient evidence existed in the trial record to support the separate convictions for both counts." Aplt. App. 126.

Mr. Spradling argues that the OCCA merely passed on sufficiency of the evidence to support the convictions rather than performing an adequate analysis

of the double jeopardy claim. We defer to the OCCA's implicit determination that the legislature intended to punish the charged offenses as separate and distinct acts. Given such an interpretation of the Oklahoma legislature's intent, it is not reasonably debatable that counsel's failure to raise double jeopardy during trial or on appeal was objectively unreasonable assistance under <u>Strickland</u>.

We DENY a COA and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge